Gary L. Eastman  (CSB #182518)
Eastman & McCartney LLP
401 West A Street, Suite 1785
San Diego, CA 92101
Tel: (619) 230-1144
Fax: (619) 230-1194

Attorney for Plaintiff, Veracity Wireless, Inc.

UNITED STATES DISTRICT COURT

SOURTHERN DISTRICT

| | |
|---|---|
| VERACITY WIRELESS, INC., a California Corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>VIRTUAL FLEET MANAGEMENT, LLC, a Texas Limited Liability Company," and DOES 1-20<br><br>           Defendant. | Case No.: 3:17-cv-00295-BTM-BLM<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF RE:**<br>**(1) NON PATENT INFRINGEMENT;**<br>**(2) INVALIDITY OF PATENT; AND**<br>**(3) UNFAIR COMPETITION UNDER STATE LAW**<br><br>**[JURY TRIAL DEMANDED]**<br><br>**(28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201, 2202; California Business and Professions Code §§ 17200 *et. seq*.)** |

Comes now the Plaintiff VERACITY WIRELESS, INC. (hereinafter referred to as "Veracity") and for its Complaint alleges as follows:

**THE PARTIES**

1.     Plaintiff Veracity is a corporation duly organized and at all times relevant hereto in good standing under the laws of the State of California, qualified to do business in California, with its principal place of business at 8305 Vickers St., Ste 1111, San Diego, California, 92111, within the Southern District of California.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF re: (1) Non Patent Infringement; (2) Invalidity of Patent; and (3) Unfair Competition Under State Law

1

1      2.      Defendant VIRTUAL FLEET MANAGEMENT, LLC (hereinafter referred to as
2  "Virtual Fleet Management") is, on information and belief, a limited liability company
3  organized on January 21, 2016 and existing under the laws of the State of Texas with its
4  principal place of business at 525 Mist Flower Drive, Little Elm, Texas 75068.

**JURISDICTION AND VENUE**

6      3.      On information and belief, Defendant has sufficient contacts with the State of
7  California to support the existence of personal jurisdiction in California over them.
8      4.      This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201
9  *et. seq.*, the Patent Laws of the United States 35 U.S.C. § 101, *et. seq.*, and under the laws of the
10 State of California.
11     5.      This Court has jurisdiction pursuant to 35 U.S.C. § 1 *et seq.*, 35 U.S.C. § 292, 28
12 U.S.C. §§ 1331, 1332, 1338(a), 1338(b), 2201 and 2202, and supplemental jurisdiction pursuant
13 to 28 U.S.C. § 1367.  The Court has pendent jurisdiction of the California state law claim under
14 28 U.S.C. § 1338(b).
15     6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

**FACTS COMMON TO ALL ACOUNTS**

17     7.      Plaintiff, Veracity, is a regionally renowned and industry recognized GPS fleet
18 tracking company based in San Diego, California, providing real-time GPS tracking of fleet
19 vehicles and personnel.
20     8.      Beginning as early as 2002, Veracity has and continues to develop, manufacture,
21 and market GPS-based fleet management systems and services under the brand name
22 FieldLogix. The products and services offered by Veracity have led to many industry awards
23 and small business related accolades.
24     9.      Upon information and belief, Defendant is the owner by assignment of U.S.
25 Patent No. 6,958,701 ("the '701 Patent") which issued on October 25, 2005 to John D.
26 Storkamp, Mark A. Storkamp, and Ronald H. Menzhuber, entitled "Transportation Monitoring
27 System for Detecting the Approach of a Specific Vehicle." A copy of the '701 Patent is attached
28 hereto as Exhibit 1.

10.     Upon information and belief, an inter partes review on the patentability of claims 1-2 and 4-17 of the '701 Patent was instituted on July 17, 2015 and is still currently proceeding in the Patent Trial and Appeals Board of the United States Patent and Trademark Office.

11.     On July 17, 2015 the Patent Trial and Appeal Board entered an order, (hereinafter referred to as "the IPR Decision"), that an inter partes review be instituted for Claims 1-2 and 4-17 of the '701 Patent because there is a reasonable likelihood that the Petitioner would prevail with respect to claims 1-2 and 4-17 of the '701 Patent.

12.     On May 6, 2016, Veracity received a correspondence from an entity identified as the Patent Licensing Alliance ("PLA") on behalf of Virtual Fleet Management, a true and correct copy of which is attached hereto as Exhibit 2 (hereinafter referred to as "the PLA Letter").

13.     Upon information and belief, PLA's principal place of business is at 5251 South Green St., Suite 350, Murray, Utah 84123.

14.     The PLA Letter claimed that Veracity's FieldLogix GPS-based fleet management systems and services "employs the technology claimed and disclosed in United States Patent 6, 958,701."

15.     The PLA Letter enclosed a copy of the '701 Patent along with a pre-filing investigation claim chart which identified Veracity's Eco-Matics Fleet Tracking as an "Accused Product." The pre-filing investigation claim chart also included a side by side comparison of the claim elements of claim 10 and 14 claim of the '701 Patent with a description of Veracity's FieldLogix GPS fleet tracking service.

16.     The PLA Letter asserted that PLA's "research group and legal team have reviewed FieldLogix and believe that it utilizes the technology claimed and disclosed" in the '701 Patent.

17.     The PLA Letter also stated that Virtual Fleet Management has "been enforcing its intellectual property rights," and that Virtual Fleet Management requires a license for use of its technology in order for possible infringers to avoid liability.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF re: (1) Non Patent Infringement; (2) Invalidity of Patent; and (3) Unfair Competition Under State Law

3

1    18.    On May 16, 2016, Veracity sent a first correspondence via e-mail to PLA in reply to the PLA Letter, a true and correct copy of which is attached hereto as Exhibit 3 (hereinafter referred to as "the First Veracity Correspondence"). The First Veracity Correspondence requested a list of GPS fleet management providers that are currently licensing the '701 Patent.

19.    Virtual Fleet Management failed to respond to the First Veracity Correspondence.

20.    On July 19, 2016, Veracity sent a second correspondence via mail to PLA, a true and correct copy of which is attached hereto as Exhibit 4 (hereinafter referred to as "the Second Veracity Correspondence").

21.    On July 27, 2016, Veracity received a response to the Second Veracity Correspondence by way of an e-mail from Joseph Pia with the law firm of Pia Anderson Dorius Reynard & Moss, a true and correct copy of which is attached hereto as Exhibit 5 (hereinafter referred to as "the PIA Letter"). The PIA Letter states that, among other things, the law firm of Pia Anderson Dorius Reynard & Moss is the litigation counsel for Virtual Fleet Management and that the firm has and continues to bring suits with respect to the '701 Patent. The PIA Letter attached a revised preliminary investigation claim chart which included an additional comments section which purports to be a legal analysis of the claim chart.

22.    The preliminary investigation claim chart and the revised preliminary investigation claim chart grossly overstate the breadth of the claim terms, intentionally omit analysis of key claim limitations, and fail to properly compare Veracity's accused service to the claims at issue.   The preliminary investigation claim chart and the revised preliminary investigation claim chart appear to be designed to simply intimidate Veracity to pay an abhorrent license fee.

23.    On September 16, 2016, by telephone, a representative of PLA on behalf of Virtual Fleet Management spoke with Veracity and Virtual Fleet Management offered a license fee in connection with the '701 Patent that was not accepted by Veracity.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF re: (1) Non Patent Infringement; (2) Invalidity of Patent; and (3) Unfair Competition Under State Law

4

24. The allegations made by the various agents of Virtual Fleet Management as set forth herein coupled with the refusal of Veracity to enter a license with Virtual Fleet Management discussed herein constitute a clear and imminent threat that Virtual Fleet Management intends to sue Veracity for patent infringement if Veracity refuses to license the '701 Patent.

25. At no time during the exchange of communications between Veracity and Virtual Fleet Management (inclusive of its agents) did anyone on behalf of Virtual Fleet Management inform Veracity of the existence of the IPR Decision, or the existence of the pending inter partes proceeding before the United States Patent Office challenging the validity of the '701 Patent.

26. Plaintiff is informed and believes that Virtual Fleet Management is actively seeking to obtain compensation in the form of licensing fees in connection with the '701 Patent which Virtual Fleet Management knows is unlikely to survive the inter partes proceeding.

27. Plaintiff is informed and believes that Virtual Fleet Management engages in no business activities other than the pursuit of licensing revenue in connection with the '701 Patent.

28. Plaintiff is information and believes that Virtual Fleet Management has filed numerous lawsuits against third parties for alleged patent infringement in connection with the '701 Patent.

29. Virtual Fleet Management, through its agents as set forth above, has engaged in conduct giving rise to reasonable apprehension on the part of Veracity that it will face an infringement suit by Virtual Fleet Management regarding the '701 Patent, if Veracity continues to sell its accused products and services.

30. Veracity contends that it has an absolute right to provide its various products and services offered in connection with its FieldLogix brand, notwithstanding each of the claims of the '701 Patent.

31. Based upon the conduct of Virtual Fleet Management and its agents as herein alleged, and upon the intent of plaintiff to continue offering its products and services in connection with the FieldLogix brand, there is an actual controversy within the meaning of 28 U.S.C. § 2201 for purposes of this declaratory judgment action.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF re: (1) Non Patent Infringement; (2) Invalidity of Patent; and (3) Unfair Competition Under State Law

5

32. Veracity has been harmed and will continue to be harmed if it is forced to proceed with its business without a clear declaration of its non-infringement and the invalidity of the '701 Patent owned by Virtual Fleet Management. Veracity will thereby be subjected to uncertainty and insecurity. As Veracity is anxious to resolve this dispute, it is filing this current action.

### FIRST CAUSE OF ACTION

<u>Declaratory Judgment re Non-Infringement of Virtual Fleet Management's '701 Patent</u>

33. Veracity hereby incorporates the allegations of Paragraphs 1 through 33 above as set forth and re-alleges them in full herein.

34. Veracity's FieldLogix GPS-based fleet management systems and services each, alone or in any combination, have not and do not infringe claims 10 and 14 of the '701 patent, directly or indirectly, either literally or under the doctrine of equivalents under Federal Law.

35. Veracity does not make, use, offer for sale, import, or sell, and has not made, used, offered for sale, imported, or sold in the United States any products that infringe any valid and enforceable claims of the '701 Patent, either directly or indirectly, contributorily or otherwise, and has not induced any others to infringe this patent.

36. Veracity's FieldLogix GPS-based fleet management systems and services, each alone or in any combination, have not and do not infringe the '701 Patent under 35 U.S.C. § 271 for several reasons, including that the '701 Patent does not have any claims directed to protectable features.

37. Veracity is entitled to a judgment declaring that its products and services do not infringe Virtual Fleet Management's '701 Patent.

### SECOND CAUSE OF ACTION

<u>Declaratory Judgment re Invalidity of the Claims of the '701 Patent</u>

38. Veracity hereby incorporates the allegations of Paragraphs 1 through 38 above as if set forth and re-alleged in full herein.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF re: (1) Non Patent Infringement; (2) Invalidity of Patent; and (3) Unfair Competition Under State Law

6

39.     One or more claims of the '701 Patent are invalid for failure to satisfy the statutory criteria for patentability under 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 119.

40.     One or more claims of the '701 Patent are invalid under 35 U.S.C. §§ 102 and 103 as a result of at least the following prior art references, alone or in combination: United States Patent No. 4,775,865 to Smith et al.; United States Patent No. 5,311,172 to Sadamori; United States Patent No. 5,613,216 to Galler; United States Patent No. 5,629,689 to Curwood; United States Patent No. 6,700,506 to Winkler et al.; United States Patent No. 6,714,142 to Porter et al.; WIPO Publication No. 93/13503 to Dulaney et al.; and United Sates Patent No. 6,636,160 to Brei.

## THIRD CAUSE OF ACTION

### Unfair Competition and Unfair Trade Practices

41.     Veracity hereby incorporates the allegations of Paragraphs 1 through 41 above as if set forth and re-alleged in full herein.

42.     Virtual Fleet Management, through its authorized agents, impermissibly seeks to expand the scope beyond what is claimed in the '701 Patent in order to obtain licensing revenue from Veracity for products and/or services offered by Veracity that are not embraced within the lawful scope of the '701 Patent.

43.     Virtual Fleet Management is actively seeking license revenue in connection with the '701 Patent which Virtual Fleet Management knows is currently being challenged in inter partes review proceedings at the United States Patent & Trademark Office and intentionally withheld the existence of the inter parties review proceedings from Veracity, and the prior art cited therein, in an effort to obtain higher license fees.

44.     Virtual Fleet Management knows, or should have known, that the '701 Patent is likely to be found invalid in the pending inter partes proceedings based upon the numerous prior art references cited herein that were not considered by the United States Patent & Trademark Office during prosecution of the patent application giving rise to the '701 Patent.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF re: (1) Non Patent Infringement; (2) Invalidity of Patent; and (3) Unfair Competition Under State Law

7

45. As a result of Virtual Fleet Management's conduct as set forth herein, Virtual Fleet Management has engaged in unlawful, fraudulent, improper and unfair conduct.

46. There is a strong public interest in protecting Veracity from Virtual Fleet Management's unfair competition and unfair trade practices.

47. As a result of the acts of unfair competition as herein alleged, Veracity is entitled to a permanent injunction prohibiting any further demands by Virtual Fleet Management, or by any of its agents, for license fees in connection with any of claims 1 through 2 or 4 through 17 of the '701 Patent unless and until the inter partes proceedings involving claims 1 through 2 and 4 through 17 of the '701 Patent are resolved in favor of Virtual Fleet Management.

///
///
///

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF re: (1) Non Patent Infringement; (2) Invalidity of Patent; and (3) Unfair Competition Under State Law

8

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Veracity prays that this Court enter judgment as follows:

(a) Declaring that Veracity's FieldLogix GPS-based fleet management systems and services do not infringe any claim of the '701 Patent under 35 U.S.C. § 271;

(b) Declaring that the '701 Patent is invalid;

(c) Declaring that Virtual Fleet Management's conduct constitutes unfair competition and unfair trade practices in violation of California Business and Professions Code Section 17200 *et seq.*;

(d) Granting preliminary and permanent injunctions to stop Defendants' threats and unfair competition and trade practices;

(e) Declaring this to be an exceptional case and awarding Veracity its reasonable attorney's fees under 35 U.S.C. § 285;

(f) Awarding Veracity costs of suit incurred herein; and

(g) Granting Veracity such other further equitable and legal relief as the Court may deem proper.

Respectfully submitted,

Dated: June 6, 2017

Eastman & McCartney LLP
By: /s/ Gary L. Eastman
    Gary L. Eastman, Esq.
    Attorney for Plaintiff

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF re: (1) Non Patent Infringement; (2) Invalidity of Patent; and (3) Unfair Competition Under State Law

9

## REQUEST FOR JURY TRIAL

Pursuant to F.R.Civ. P. 38(b) and Southern District Civil Local Rule 38.1, Plaintiff Veracity hereby demands its right to a jury trial on all issues triable to a jury.

Dated: June 6, 2017

                                            Eastman & McCartney LLP
                                            By: /s/  Gary L. Eastman
                                                  Gary L. Eastman, Esq.
                                                  Attorney for Plaintiff

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF re: (1) Non Patent Infringement; (2) Invalidity of Patent; and (3) Unfair Competition Under State Law

10