John Mertens (#252762)
PIA ANDERSON MOSS HOYT
136 East South Temple, 19th Floor
Salt Lake City, UT 84111
T: (801) 350-9000
F: (801) 350-9010
jmertens@pamhlaw.com

*Attorney for Defendant Virtual Fleet Management, LLC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERACITY WIRELESS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIRTUAL FLEET MANAGEMENT, LLC, a Texas Limited Liability Company, and DOES 1-20<br><br>Defendant. | No. 3:17-cv-00295-JLS-BLM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Judge: Hon. Janis L. Sammartino<br>Courtroom: 4D<br>Date: October 4, 2018<br>Time: 1:30pm |

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, Defendant Virtual Fleet Management, LLC ("Virtual Fleet") moves to set aside the entry of judgment entered against it in the above-entitled proceeding. Virtual Fleet seeks relief on the grounds that the default was entered as a result of excusable neglect and a mistaken belief that the parties were engaged in a mutual stand-down, and that the equities weigh in favor of setting aside the default.

Prior to Defendant mistakenly filing its motion to dismiss without prejudice (Dkt. 11), Defendant, in good faith, sent a draft copy of the motion to Plaintiff on July 19, 2018 to facilitate a discussion to either conclude the matter through settlement or to continue with the litigation including filing an Answer and moving forward with a scheduling conference. Plaintiff received the draft motion and agreed to participate in a meet and confer on July 20, 2018 at 10:00 a.m. Counsel engaged in the meet and confer as scheduled, and Plaintiff did not indicate that any request for default had been filed or would be filed. Without notice, Plaintiff filed a request for entry of default at some point on the same day as the meet and confer. Because Defendant had not filed a notice of appearance, it did not receive CM/ECF notification of the filing until after it filed its motion to dismiss. When Defendant became aware of the entry of default, it immediately contacted Plaintiff requesting that the default be corrected or withdrawn. Plaintiff has not responded.

As set forth in the Proposed Answer (attached hereto as Ex. 1)[1], Virtual Fleet has meritorious defenses to all of the claims asserted in the Complaint. Further, granting the relief requested will (1) not prejudice the Plaintiff Veracity Wireless, Inc. ("Plaintiff") and (2) will allow for resolution of this dispute on the merits of Plaintiff's proposed claims.

---

[1] All exhibits referenced herein are exhibits to the concurrently filed Declaration of Joseph G. Pia ("Pia Decl.").

1

Alternatively, denying the relief would have the draconian result of invalidating a U.S. patent without the presentation of any prior art or meeting the clear and convincing standard. *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 95 (2011) (holding that patent invalidity must be proven by clear and convincing evidence.) It would also permit the finding of unfair competition and trade practices that is highly factual and requires meeting a burden of proof. *See Planned Parenthood Fed. of Am., Inc. v. Ctr. for Med. Progress*, 214 F. Supp. 3d 808 (N.D. Cal. 2016) (explaining the factual inquiry and balancing necessary under California Unfair Competition Law). Leaving the entry of default also violates the judicial policy favoring resolutions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## I. PROCEDURAL HISTORY

On June 6, 2017, Plaintiff filed its First Amended Complaint seeking declaratory judgment of noninfringement and invalidity and alleging unfair competition and unfair trade practices. (Dkt. 5.) From that point, Virtual Fleet's counsel was in regular contact with Plaintiff's counsel (at least twice a month since June 2017) to discuss resolution and agree to extend deadlines as necessary to permit meaningful discussion and settlement without Defendant having to undertake the expense of appearing in the case. These active settlement efforts and the mutual stand-down continued unabated for many months. Settlement talks eventually cooled, and on July 19, 2018 Virtual Fleet prepared a dismissal without prejudice and presented it to Plaintiff. The parties discussed the proposal on July 20, 2018 and exchanged settlement offers. However, without giving any hint of its actions, Plaintiff filed its request for entry of default. Because Virtual Fleet's counsel had not made a formal entry of appearance per the parties' general agreement, it did not receive CM/ECF notification of the request for entry of default. As Plaintiff did not provide any other notice of its request, Virtual Fleet was unaware that the default had been requested or entered.

Virtual Fleet left open its most recent settlement offer until it became clear that Plaintiff's counsel was once again ignoring it. Ultimately, Virtual Fleet filed a motion

to dismiss without prejudice on August 4, 2018, still unaware of the request or entry of default. (Dkt. 11.) The Court rejected Virtual Fleet's motion to dismiss because of the recent activity in the litigation. (Dkt. 12.) Virtual Fleet now files a motion to set aside the entry of default due to the misunderstanding.

## II. AUTHORITY FOR MOTION

A trial court has broad discretion and significant procedural flexibility to set aside a clerk's entry of default. *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000) ("a district court's discretion is especially broad when . . . it is entry of default that is being set aside rather than default judgment.") Rule 55(c) provides that a Court may set aside an entry of default for "good cause" shown. Fed. R. Civ. P. 55(c). To determine whether good cause exists, courts should consider: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## III. ARGUMENT

### A. Plaintiff's request for entry of default was made despite ongoing attempts to settle the case and without providing adequate notice to Virtual Fleet.

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993), the United States Supreme Court discussed the term "excusable neglect" as used in a variety of statutes and rules, including Fed. R. Civ. P. 60(b). The Court stated that, "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." In *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997), the Ninth Circuit specifically adopted the *Pioneer* framework to determine whether there has been excusable neglect for purposes of Rule 60(b) of the Federal Rules of Civil Procedure:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice . . ., the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 381 (citation omitted).

Here, Virtual Fleet's failure to timely answer or respond to the complaint was a simple error. Virtual Fleet, through its counsel, had come to an understanding that its deadline to file an Answer or respond to the Complaint was continued until the parties had definitively concluded their settlement discussions per the previous eight months of conduct between them. (Pia Decl. at ¶ 4; Ex. 2.) This understanding of the parties' mutual stand-down was based on extensive correspondence between the parties' counsel, including multiple emails per month, voice messages, and phone calls between counsel over almost a year. Eventually the settlement talks lost momentum. Plaintiff never indicated that it was pursuing its claims or that it would seek default if Virtual Fleet failed to file an Answer. The parties operated under this mutual understanding and there was no notice provided that Plaintiff sought to modify this arrangement.

On July 19, 2018, Virtual Fleet once again contacted Plaintiff's counsel and proposed a dismissal without prejudice since Plaintiff showed no interest in pursuing the matter and discussions had failed. (*Id.* at ¶ 6.) In response, Plaintiff provided a settlement offer. It now appears that Plaintiff simultaneously filed a request for entry of default. (Dkt. 8.) Plaintiff made no mention of its intent in any of the correspondence leading up to its filing, in the phone call with Virtual Fleet's counsel that occurred ***on the same day***, or in response to Defendants' correspondence after the filing. (Pia Decl. at ¶ 7.) Had Plaintiff conducted a meet and confer or otherwise notified Virtual Fleet, Virtual Fleet would have simply filed its Answer.

4

Virtual Fleet's counsel had not formally appeared in the case, reasonably relying on the parties' past course of conduct, and therefore was not notified of Plaintiff's filing through the CM/ECF system. (*Id.*) Plaintiff did not provide any notice by any means to Plaintiff. (*Id.*) As such, Virtual Fleet believed the case to be stagnant and filed a motion to dismiss without prejudice to clear the case from the calendars of the Court and the parties. Virtual Fleet's filing of this motion *after* default had been entered against it clearly demonstrates that Virtual Fleet had not received any notice of the default and was proceeding under its mistaken understanding that neither party was pursuing the litigation. Upon learning of the default, Virtual Fleet immediately contacted Plaintiff and proposed a withdrawal of the request or otherwise to set aside the default. (*Id.* at ¶ 9.) Plaintiff ignored the request. (*Id.*)

### B. An application of equitable principles weighs in favor of setting aside the default judgment and deciding this case upon its merits.

"[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. As such, default judgment is authorized only in "extreme circumstances." *U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 603 (9th Cir. 1988). Here, there are no intervening equities weighing against granting relief. There is no potential hardship to third parties, nor has Plaintiff changed its position in reliance upon finality of a judgment.

In granting relief from default in this case, there is no danger of prejudice to Plaintiff resulting from a loss of evidence or increased difficulty in prosecuting their claims against Virtual Fleet that might have been caused by the passage of time. Rather, the danger of prejudice lies in *denying* relief. If the default is not set aside, Virtual Fleet is at risk of having judgment entered against it on validity and unfair competition claims to which it has meritorious defenses. The attached Answer would be a complete defense to the complaint. (*See* Proposed Answer, Ex. 1.)

Any delay that has occurred will have little or no effect on these judicial proceedings. Considering all relevant circumstances surrounding this proceeding, Virtual Fleet's failure to file an answer to the Complaint was caused by excusable neglect. As such, the Court should exercise its discretion to grant relief from default.

## IV. CONCLUSION

For the foregoing reasons, Virtual Fleet respectfully requests that the Court set aside the Clerk's entry of default and permit Virtual Fleet to file an Answer to the Complaint in this action.

Dated: August 9, 2018                                  Respectfully submitted,

*/s/ John Mertens*
John P. Mertens
PIA ANDERSON MOSS HOYT
136 East South Temple, 19th Floor
Salt Lake City, UT 84111
T: (801) 350-9000
F: (801) 350-9010

*Attorney for Defendant Virtual Fleet Management, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT** filed electronically, and pursuant to Local Civil Rule 5.2 was served on all registered ECF recipients via ECF electronic service on August 9, 2018.

/s/ *Hilda Echegaray*
Hilda Echegaray