John Mertens (#252762)
PIA ANDERSON MOSS HOYT
136 East South Temple, 19th Floor
Salt Lake City, UT 84111
T: (801) 350-9000
F: (801) 350-9010
jmertens@pamhlaw.com

*Attorney for Defendant Virtual Fleet Management, LLC*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERACITY WIRELESS, INC., a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>VIRTUAL FLEET MANAGEMENT, LLC, a Texas Limited Liability Company, and DOES 1-20<br><br>Defendant. | No. 3:17-cv-00295-JLS-BLM<br><br>**DECLARATION OF JOSEPH G. PIA IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Judge: Hon. Janis L. Sammartino<br>Courtroom: 4D<br>Date: October 4, 2018<br>Time: 1:30pm |

I, Joseph G. Pia, hereby declare as follows:

1. I am an attorney for Defendant Virtual Fleet Management, LLC ("Virtual Fleet") in the above-entitled action. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. Attached hereto as Exhibit 1 is the Answer that Virtual Fleet intends to file, if permitted.

3. I have had regular communication with counsel for Plaintiff Veracity Wireless Inc. ("Plaintiff" or "Veracity"). This communication included numerous emails, voice messages, and phone calls over many months. (*See, e.g.,* Ex. 2, attached hereto).

4. During this communication with Plaintiff's counsel, we discussed and agreed to an open-ended extension of time for Virtual Fleet to file an Answer or otherwise respond to Plaintiff's Complaint until settlement discussions had concluded. We also discussed settlement and agreed that extensions of deadlines would facilitate those settlement discussions. (*Id.*)

5. Eventually, settlement discussions waned. However, Plaintiff's counsel did not indicate at any point that it intended to request a default or continue to pursue its litigation.

6. On July 19, 2018, I sent Plaintiff's counsel an email and a proposed motion to dismiss the case without prejudice. (Ex. 2 at 1.) In a phone conversation regarding that proposed motion on July 20, 2018, Plaintiff's counsel discussed settlement communicated a settlement offer. Plaintiff's counsel made no mention of filing a request for entry of default. At some point on that same day—and without warning—Plaintiff filed its Request for Entry of Clerk Default. (Dkt. 18.)

7. When Plaintiff filed its request for default, counsel for Virtual Fleet had not made a formal appearance. As such, Virtual Fleet did not receive notification of the request through the CM/ECF system. Plaintiff did not provide a copy of the

request via mail or email or otherwise to attempt to notify Virtual Fleet's counsel in any way regarding the request.

8. When Virtual Fleet filed its Motion to Dismiss for Lack of Prosecution on August 4, 2018 (Dkt. 11), it still was not aware of the request or entry of default.

9. Upon learning of the request and entry of default, I contacted Plaintiff's counsel and requested that they withdraw their request. Plaintiff's counsel ignored my email, necessitating the filing of this motion.

I certify and declare under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct.

Dated: August 9, 2018

                                        */s/ Joseph G. Pia*
                                        Joseph G. Pia