# EXHIBIT 1

John Mertens (#252762)
PIA ANDERSON MOSS HOYT
136 East South Temple, 19th Floor
Salt Lake City, UT 84111
T: (801) 350-9000
F: (801) 350-9010
jmertens@pamhlaw.com

*Attorney for Defendant Virtual Fleet Management, LLC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERACITY WIRELESS, INC., a California Corporation<br><br>Plaintiff and Counter-Defendant,<br><br>vs.<br><br>VIRTUAL FLEET MANAGEMENT, LLC, a Texas Limited Liability Company, and DOES 1-20<br><br>Defendant and Counter-Plaintiff. | No. 3:17-cv-00295-JLS-BLM<br><br>**ANSWER AND COUNTERCLAIM**<br><br>**[JURY TRIAL DEMANDED]**<br><br>Judge: Hon. Janis L. Sammartino |

# ANSWER

Defendant Virtual Fleet Management, LLC ("Virtual Fleet"), by and through its counsel, hereby specifically responds as follows to the allegations set forth in Plaintiff's Complaint:

## THE PARTIES

1. Virtual Fleet is without sufficient knowledge to either deny the allegations of paragraph 1 of the Complaint and therefore denies the same.
2. Virtual Fleet admits the allegations of paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Virtual Fleet admits the allegations of paragraph 3 of the Complaint.
4. Virtual Fleet admits the allegations of paragraph 4 of the Complaint.
5. Virtual Fleet admits the allegations of paragraph 5 of the Complaint.
6. Virtual Fleet admits the allegations of paragraph 6 of the Complaint.

## FACTS COMMON TO ALL COUNTS

7. Virtual Fleet is without sufficient knowledge to either deny the allegations of paragraph 7 of the Complaint and therefore denies the same.
8. Virtual Fleet is without sufficient knowledge to either deny the allegations of paragraph 8 of the Complaint and therefore denies the same.
9. Virtual Fleet admits the allegations of paragraph 9 of the Complaint.
10. Virtual Fleet admits the allegations of paragraph 10 of the Complaint.
11. Virtual Fleet admits the allegations of paragraph 11 of the Complaint.
12. Virtual Fleet admits the allegations of paragraph 12 of the Complaint.
13. Virtual Fleet admits the allegations of paragraph 13 of the Complaint.
14. Virtual Fleet admits the allegations of paragraph 14 of the Complaint.
15. Virtual Fleet admits the allegations of paragraph 15 of the Complaint.

16. Virtual Fleet admits the allegations of paragraph 16 of the Complaint.

17. Virtual Fleet is without sufficient knowledge to either deny the allegations of paragraph 17 of the Complaint and therefore denies the same.

18. Virtual Fleet is without sufficient knowledge to either deny the allegations of paragraph 18 of the Complaint and therefore denies the same.

19. Virtual Fleet admits the allegations of paragraph 19 of the Complaint.

20. Virtual Fleet admits the allegations of paragraph 20 of the Complaint.

21. Virtual Fleet admits the allegations of paragraph 21 of the Complaint.

22. Virtual Fleet admits the allegations of paragraph 22 of the Complaint.

23. Virtual Fleet denies the allegations of paragraph 23 of the Complaint in their entirety.

24. Virtual Fleet admits the allegations of paragraph 24 of the Complaint.

25. Virtual Fleet admits the allegations of paragraph 25 of the Complaint.

26. Virtual Fleet denies the allegations of paragraph 26 of the Complaint in their entirety.

## FIRST CAUSE OF ACTION

Declaratory Judgment re Non-Infringement of Virtual Fleet's '701 Patent

27. Virtual Fleet incorporates by reference herein, as if fully set forth herein, its responses to paragraphs 1 through 26 of the Complaint.

28. Virtual Fleet denies the allegations of paragraph 28 of the Complaint in their entirety.

29. Virtual Fleet denies the allegations of paragraph 29 of the Complaint in their entirety.

30. Virtual Fleet denies the allegations of paragraph 30 of the Complaint in their entirety.

## SECOND CAUSE OF ACTION

Declaratory Judgment re Invalidity of the Claims of the '701 Patent

31. Virtual Fleet incorporates by reference herein, as if fully set forth herein, its responses to paragraphs 1 through 30 of the Complaint.

32. Virtual Fleet denies the allegations of paragraph 32 of the Complaint in their entirety.

33. Virtual Fleet denies the allegations of paragraph 33 of the Complaint in their entirety.

## THIRD CAUSE OF ACTION

Unfair Competition and Unfair Trade Practices

34. Virtual Fleet incorporates by reference herein, as if fully set forth herein, its responses to paragraphs 1 through 33 of the Complaint.

35. Virtual Fleet denies the allegations of paragraph 35 of the Complaint in their entirety.

36. Virtual Fleet denies the allegations of paragraph 36 of the Complaint in their entirety.

37. Virtual Fleet denies any allegation not specifically admitted herein.

38. Virtual Fleet denies all allegations set forth in Plaintiff's Prayer for Relief

## DEFENDANT VIRTUAL FLEET'S AFFIRMATIVE DEFENSES TO THE COMPLAINT

### FIRST DEFENSE

The Complaint and each count fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

To the extent some of the claims of Complaint were not specifically brought in the Original Action, Plaintiff has waived any right to bring them in a later action based on the same transaction or occurrence and are thus barred from doing so now.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by unclean hands and/or *in pari delicto.*

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they run contrary to public policy.

**RESERVATION OF DEFENSES**

Defendant hereby reserves its right to add any further affirmative defenses that may come to fruition as a result of discovery.

WHEREFORE, having fully responded to Plaintiff's Complaint, Virtual Fleet hereby requests that this Court:

    a.    Deny any and all relief sought by Plaintiff in its Complaint;

    b.    Enter judgment in favor of Virtual Fleet as to each and every claim for relief asserted in the Complaint;

    c.    Declare this an exceptional case and award Virtual Fleet its attorneys' fees under 35 U.S.C. § 285;

    d.    Award Virtual Fleet its costs; and

    e.    Award Virtual Fleet any such further relief the Court deems appropriate.

## VIRTUAL FLEET MANAGEMENT, LLC's COUNTERCLAIMS

VIRTUAL FLEET MANAGEMENT, LLC ("Virtual Fleet"), hereby sues and asserts the following Counterclaims against VERACITY WIRELESS INC., ("Veracity" and "Counter-Defendant") and states:

## THE PARTIES

1. Defendant and Counter-Plaintiff Virtual Fleet is a limited liability company organized on January 21, 2016 and existing under the laws of the State of Texas with its principal place of business at 525 Mist Flower Drive, Little Elm, Texas 75068.

2. All right, title, and interest in and to the Patent, including the right to sue for all past and present infringement damages, was assigned by Proximity Monitoring Innovations, LLC to Virtual Fleet.

3. Plaintiff and Counter-Defendant is, on information and belief, a corporation organized in the State of California with its principal place of business at 8305 Vickers St., Ste 1111, San Diego, California, 92111, within the Southern District of California.

## JURISDICTION AND VENUE

4. This is a claim for patent infringement that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

5. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

6. Counter-Defendant is subject to personal jurisdiction in the state of California (this "State") and this judicial district consistent with the principles of due process. Counter-Defendant transacts business, contracts to supply goods or services in this judicial district, and has otherwise purposefully availed itself of the privileges and benefits of the laws of California and is therefore subject to the jurisdiction of this Court.

7. Counter-Defendant has offered and continues to offer its products for sale in this State, has transacted business and continues to transact business in this State, has

1 committed and/or induced acts of patent infringement in this State, and/or has placed
2 infringing products into the stream of commerce through established distribution
3 channels with the expectation that such products will be purchased by residents of this
4 State.

5       8.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because
6 Counter-Defendant has done business, has infringed, and continues to infringe the '701
7 Patent within this judicial district, and this action arises from transactions of that
8 business, including via its interactive website, contact with customers in this judicial
9 district, and retail sales within this judicial district.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,958,701

9.     Virtual Fleet incorporates by reference and re-alleges the statements made in the proceeding paragraphs.

10.     Virtual Fleet is the owner, by assignment, of all right, title, and interest in and to the U.S. Patent No. 6,958,701 ("the '701 Patent"), titled "Transportation Monitoring System for Detecting the Approach of a Specific Vehicle."

11.     The '701 Patent was issued on October 25, 2005 to John D. Storkamp, Mark. A. Storkamp, and Ronald H. Menzhuber.

12.     Virtual Fleet has complied with the provisions of 35 U.S.C. § 287.

13.     Counter-Defendant has not been granted a license or any other rights to the '701 Patent.

14.     Upon information and belief, Counter-Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contributes to infringement, and/or induces infringement of the '701 Patent by making, selling, and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to the Eco-Matics Fleet Tracking, which infringes one or more claims of the '701 Patent ("Accused Products").

15. Upon information and belief, Counter-Defendant is liable for infringement of one or more claims of the '701 Patent, including, pursuant to 35 U.S.C. § 271 as set forth therein and incorporated by this reference, but making, using, selling, offering for sale, and/or importing the Accused Products.

16. Counter-Defendant is liable for indirect infringement of the '701 Patent by inducing and/or contributing to direct infringements of the '701 Patent committed by end users of the Accused Products.

17. At least as early as May 2016, when Counter-Defendant was given actual notice of the '701 Patent through Virtual Fleet's licensing agent, Counter-Defendant induced infringement because it knew, or should have known, that its acts would cause patent infringement, and it acted with intent to encourage direct infringement by its end users. Counter-Defendant's acts of infringement has caused damage to Virtual Fleet and Virtual Fleet is entitled to recover damages sustained as a result of Counter-Defendant's wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

18. At least from May 2016, Counter-Defendant contributed to direct infringement by its end users by knowing that the Accused Products and methods would be implemented by its end users; that its methods, components, system and Accused Products were especially designed or especially adapted for a combination covered by one or more claims of the '701 Patent; that there are no substantial non-infringing uses; and the Accused Products are a material part of the infringement.

19. Counter-Defendant has knowledge of the '701 Patent and is infringing despite such knowledge. The infringement has been and continues to be willful and deliberate.

20. Counter-Defendant's acts of infringement have caused damage to Virtual Fleet, and Virtual Fleet is entitled to recover damages sustained as a result of Counter-Defendant's wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

21. Counter-Defendant's infringing activities have injured and will continue to injure Virtual Fleet unless and until this Court enters an injunction prohibiting further infringement of the '701 Patent.

22. By way of example, the Accused Product satisfies each and every element of claim 10 of the '701 Patent:

    a. Counter-Defendant sells Eco-Matics Fleet Tracking which includes a mean for alerting a person to the proximity of a transmitter at a first instant of time. Eco-Matics Fleet Tracking provides, among other alerts, proximity of a transmitter associated with a vehicle. https://fieldlogix.com/vehicle-tracking-system-features/

    b. Counter-Defendant makes, uses (including tests), sells, and/or instructs customers to use a transmitter and receiver spatially disparate to said transmitter, said transmitter and receiver tuned to a common transmission signal. Each vehicle tracked by Eco-Matics Fleet Tracking includes a transmitter to transmit, among other information, the location of the vehicle. A receiver, spatially disparate from the transmitter in each vehicle, is tuned to a common transmission signal to receie information transmitted by the transmitter, such as vehicle location, speed, etc.

    c. Utilizing a threshold of said common transmission signal detectable by said receiver through the common transmission signal of the transmitter, which is detectable by the receiver, and has a threshold. The common transmission signal of the Eco-Matics Fleet Tracking transmitter, which is detectable by the Eco-Matics Fleet Tracking receiver, has a threshold, such as maximum transmission distance of the transmitter and/or minimum signal strength that the receiver is capable of detecting.

    d. Providing a code carried by said common transmission signal detectable by said receiver; each transmitter includes a code to uniquely identify each driver/vehicle. Eco-Matics Fleet Tracking uses a code carried by said

common transmission signal identifying said transmitter and detectable by said receiver. Each Eco-Matics Fleet Tracking transmitter includes a code to uniquely identify each driver/vehicle. Such code is received and detectable by said receiver, including to identify a particular driver/vehicle among multiple drivers/vehicles.

e. Eco-Matics Fleet Tracking includes a means within said receiver for comparing said code to a plurality of stored values and responsive to a match therewith generating a signal indicative of a match. The Eco-Matics Fleet Tracking receiver includes software for comparing the code sent by a particular Eco-Matics Fleet Tracking transmitter with a plurality of stored values that identify drivers/vehicles. Upon receiving a particular code that matches a particular driver/vehicle, Eco-Matics Fleet Tracking generates a signal indicative of the match, including for example, a signal logging the information associated with the driver/vehicle, such as speed, location, time driven, entry/exit into a particular geofence/region, etc.

f. Counter-Defendant makes, uses (including tests), sells and/or instructs customers to use a means to prevent at least one of said plurality of stored values from being included in said match signal generating. Eco-Matics Fleet Tracking includes certain lock-outs, such as geographic based and time frame base lockouts, for preventing at least one of the said plurality of stored values from being included in said match signal generating. For example, Eco-Matics Fleet Tracking includes a lockout when creating a geofence in order to prevent alerts from being generated for a particular driver/vehicle even if a match signal is detected/generated. These lockouts may be structured to occur during set times.

g. Counter-Defendant makes, uses (including tests), sells and/or instructs customers to use a means for alerting a person to a proximity of a transmitter wherein said code uniquely identifies said transmitter. The

9

Eco-Matics Fleet Tracking transmitter is "unique" for each given transmitter associated with a driver/vehicle in order to identify the particular driver/vehicle (among a plurality of drivers/vehicles) with which the transmitter is associated.

## PRAYER FOR RELIEF

WHEREFORE, Virtual Fleet respectfully requests that, after a trial, the Court enter judgment against Counter-Defendant as follows:

A. An entry of final judgment in favor of Virtual Fleet and against Counter-Defendant;

B. An award of damages adequate to compensate Virtual Fleet for the infringement that has occurred, but in no event less than a reasonably royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

C. An injunction permanently prohibiting Counter-Defendant and all persons in active concert or participation with any Counter-Defendant from further acts of infringement of the '701 Patent;

D. Treble damages as provided for under 35 U.S.C. § 284 in view of the knowing, willful, and intentional nature of Counter-Defendant's acts;

E. Awarding Virtual Fleet its costs and expenses of this litigation, including its reasonable attorneys' fees and disbursements, pursuant to 35 U.S.C § 285; and

F. Such other further relief that Virtual Fleet is entitled to under the law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Virtual Fleet requests a jury trial of all issues so triable as raised in this Complaint.

Dated: August 9, 2018

Respectfully submitted,

*/s/ John Mertens*
John P. Mertens
PIA ANDERSON MOSS HOYT
136 East South Temple, 19th Floor
Salt Lake City, UT 84111
T: (801) 350-9000
F: (801) 350-9010

*Attorney for Defendant and Counter-Plaintiff Virtual Fleet Management, LLC*