Gary L. Eastman (CSB #182518)
Eastman & McCartney LLP
401 West A Street, Suite 1785
San Diego, CA 92101
Tel: (619) 230-1144
Fax: (619) 230-1194

Attorney for Plaintiff, Veracity Wireless, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT

| | |
|---|---|
| VERACITY WIRELESS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIRTUAL FLEET MANAGEMENT, LLC, a Texas Limited Liability Company," and DOES 1-20<br><br>Defendant. | **Case No.: 3:17-cv-00295-JLS-BLM**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT VIRTUAL FLEET MANAGEMENT, LLC**<br><br>Judge: Hon. Janis L. Sammartino<br>Courtroom: 4D<br>Date: October 4, 2018<br>Time: 1:30pm |

# TABLE OF CONTENTS

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. FACTUAL BACKGROUND | 1 |
| III. DISCUSSION | 4 |
|     A. Notice of Veracity's Request for Entry of Default Not Required | 4 |
|     B. Defendant's Failure To Respond Was A Calculated Strategy | 5 |
|     C. Ninth Circuit Eitel Factors Strongly Favor an Entry of Default Judgment | 7 |
|     D. This Court Should Declare That Veracity Has Not Infringed the '701 Patent | 9 |
|     E. This Court Should Declare the '701 Patent Invalid | 9 |
|     F. This Court Should Declare That Defendant's Conduct Is Unfair Competition | 10 |
|     G. This Court Should Permanently Enjoin Defendants from Continuing Threats and Unfair Trade Practices | 11 |
|     H. Veracity Is Entitled to an Award of Attorneys' Fees and Costs | 11 |
| IV. CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. ___, 134 S. Ct. 2347 (2014).....10

*Bilski v. Kappos*, 561 U.S. 593, 601 (2010) ......................................................... 10

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (California 1999) ............................................................... 11

*Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986)....................................................... 7

*Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508 (9th Cir. 1986) ................ 5

*Honda Power Equip. Mfg. v. Woodhouse*, 219 F.R.D. 2 (D.D.C. 2003) ............... 10

*In re Sonoma V*, 703 F.2d 429 (9th Cir. 1983)......................................................... 8

*Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916 (C.D. Cal. 2010)...... 7

*Massa v. Jiffy Prods. Co.*, 240 F.2d 702 (9th Cir. 1957).......................................... 9

*Microsoft Corp. v. 141 Ltd. P'ship*, 564 U.S. 91 (2011).......................................... 9

*Orange Theatre Corp. v. Rayherstz Amusement Corp.*,
    130 F.2d 185 (3d Cir. 1942).................................................................... 8, 9

*PepsiCo v. Cal. Sec. Cans.*, 238 F. Supp 2d 1172, 1175 (C.D. Cal. 2002).............. 8

*PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)..................... 7

*Philip Morris USA Inv. V. Castworld Products, Inc.*,
    219 F.R.D. 494 (C.D. Cal. 2003) ................................................................ 8

*Savarese v. Edrick*, 513 F.2d 140 (9th Cir. 1975) ................................................... 6

*United States v. Aguilar*, 782 F.3d 1101 (9th Cir. 2015) ........................................ 6

# TABLE OF AUTHORITIES
## (continued)

**Statutes**

35 U.S.C. § 101...........................................................................................................10

35 U.S.C. § 102...........................................................................................................10

35 U.S.C. § 103...........................................................................................................10

35 U.S.C. § 285...........................................................................................................11

Cal. Bus. & Prof. Code § 17200 *et seq.* (Deering 2016)..................................10, 11

Cal. Bus. & Prof. Code § 17203 (Deering 2016) .......................................................11

**Rules**

Federal Rule of Civil Procedure 6(b) ..........................................................................8

Federal Rule of Civil Procedure 12(a)(1)(A)(i)..........................................................3

Federal Rule of Civil Procedure 55 .............................................................................4

Federal Rule of Civil Procedure 55(a).........................................................................4

Federal Rule of Civil Procedure 55(b) ...............................................................1, 4, 8

Federal Rule of Civil Procedure 55(c)......................................................................5, 6

## I. INTRODUCTION

Plaintiff Veracity Wireless, Inc. ("Veracity") respectfully submits this Memorandum of Points and Authorities in support of its Motion for Entry of Default Judgment against Defendant Virtual Fleet Management, LLC ("Defendant"). Veracity filed this action because despite its vehement denial of any liability for patent infringement, Defendant's conduct and statements caused Veracity's reasonable apprehension that Veracity would face an infringement suit by Defendant if Veracity continued to conduct its normal course of business. Veracity filed this suit to obtain a judicial determination of non-infringement and invalidity in order to safeguard its business, and protect its customers from frivolous patent infringement claims.

Defendant was served with the Summons and First Amended Complaint on June 9, 2017. Counsel for Defendant contacted counsel for Veracity multiple times in an attempt to wrangle a nuisance settlement "license" payment from Veracity; but Veracity continued to deny infringement. Despite Veracity's clear and unwavering refusal to "license" the Patent, Defendant failed to file an Answer or otherwise respond to the Complaint. On Veracity's motion, the Court Clerk entered default against Defendant on July 23, 2018. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Veracity now seeks a default judgment and a permanent injunction to prevent Defendant's future aggressive behavior against Veracity.

## II. FACTUAL BACKGROUND

Veracity develops, manufactures, and markets GPS-based fleet management systems and services under the brand name FieldLogix [First Amended Complaint, ¶ 8.]

Defendant is the owner by assignment of U.S. Patent No. 6,958,701 ("the '701 Patent") entitled "Transportation Monitoring System for Detecting the

Approach of a Specific Vehicle." [First Amended Complaint, ¶ 9.] Defendant does not manufacture or sell any products or services related to transportation monitoring systems, or any other products or services, but rather engages solely in the business of licensing the '701 patent. [First Amended Complaint, ¶ 27.] In fact, Defendant has significant litigation experience, as it regularly files lawsuits in order to intimidate others into paying its licensing fees. [First Amended Complaint, ¶¶ 21, 28.] Defendant's aggressive conduct against accused infringers proceeds despite the fact that Defendant is aware of a high likelihood that the '701 patent is invalid over existing prior art. [First Amended Complaint, ¶¶ 10-11, 40.]

Since May 6, 2016, Defendant has been pressuring Veracity to accede to Defendant's demands for excessive licensing fees in order to avoid a lawsuit. [First Amended Complaint, ¶¶ 12-25, and FAC Exhibit 2.] Since the very first contact from Defendant, Veracity has denied infringement. [First Amended Complaint, ¶¶ 18, 20, 23, 30]. Nevertheless, Defendant maintained its allegations of infringement and insistence of a license, resulting in uncertainty and insecurity for Veracity. [First Amended Complaint, ¶¶ 31, 32].

Veracity filed this action on February 14, 2017, hoping to resolve the patent infringement allegations raised by Defendant. Veracity filed the First Amended Complaint for Declaratory Relief of Non Patent Infringement, Invalidity of Patent, and Unfair Competition Under State Law on June 6, 2017; it was served three days later.

From the outset of the dispute between Veracity and Defendant beginning in 2016, Veracity has denied any infringement whatsoever. After communications between Veracity and Defendant failed to move the matter toward a resolution, Veracity served its Summons and First Amended Complaint on Defendant on June 9, 2017. [See Docket Nos. 5, 6.][1] Shortly after service of the First Amended

---

[1] See Dkt. No. 6, Proof of Service. Note that the Proof of Service reveals that the First Amended Complaint was served on Abby **Hoyt** on June 9, 2017. Note that this recipient of the

Complaint, Mr. Joseph Pia, counsel for Defendant, sent an email on June 27, 2017, claiming efforts to secure local counsel and requesting a 30 day extension.[2] That same day, counsel for Veracity consented to the request informally extending the deadline for response to July 28, 2017. (See Decl. Eastman, Exhibit 1) On August 3, 2017, Mr. Pia, again sought an informal extension for two additional weeks. That same date, counsel for Veracity consented to the request informally extending the deadline another two weeks. (See Decl. Eastman, Exhibit 2). On August 22, 2017, Mr. Pia again contacted counsel for Veracity acknowledging that "we are up against our agreed-to deadline." Again, that same day, counsel for Veracity responded, indicated he was out on vacation, and agreed to another two week informal extension. (See Decl. Eastman, Exhibit 3). That was the last time any "extension" was discussed between counsels for the parties. No formal extension was ever obtained from the Court, thus the Rule 12(a)(1)(A)(i) period for response was 21 days following the June 9, 2017 date of service (June 30, 2017).

Counsel for Defendant was keenly aware of the filing and service of the First Amended Complaint, sought a few short extensions, but then simply failed to timely respond in any fashion to the First Amended Complaint. The last informal extension, even if it were honored by this Court, expired on September 5, 2017. Veracity sought, and the Clerk of this Court entered, a default against the Defendant on July 23, 2018 – nearly 10 months later, over thirteen months after the filing and service of the First Amended Complaint, and over two years from Defendant's first allegations of patent infringement. [See Docket No. 10.]

---

Summons and First Amended Complaint is a relative of two partners of the law firm representing Defendant Virtual Fleet Management, LLC (Pia Anderson Moss **Hoyt**), specifically partners Adam L. **Hoyt**, and Scott R. **Hoyt** (See http://www.pamhlaw.com/attorneys/).

[2] To date, Defendant still has not obtained true "local counsel" as Mr. Pia asserted in June of 2017; instead, an attorney within Defendant's own law firm is appearing (albeit telephonically) in this case.

Defendant now asserts that its counsel had neither filed an Answer nor made any appearance due to an "agreement" between the parties. [See Docket No. 13.] Defendant took no action in over a year after being served with the First Amended Complaint, and was well aware of Veracity's steadfast denial of patent infringement and its refusal to pay any "license" fee. While counsel for Veracity had exchanged several emails with Mr. Pia since the inception of this case, this correspondence does not in any way discharge Defendant's duty to defend the case.[3] Defendant's counsel was willful, or at least inexcusably negligent, in wholly failing to defend this case.

### III. DISCUSSION

A default judgment should be entered against Defendant because Veracity has satisfied the conditions of Federal Rules of Civil Procedure 55, and the factual allegations in its Complaint, now deemed true, establish Veracity's claims.

Veracity has satisfied the conditions of Rule 55(b) of the Federal Rules of Civil Procedure, establishing that Defendant failed to plead and meets no exception to default.

### A. Notice Of Veracity's Request For Entry of Default Not Required

Veracity was not obligated to provide Defendant with any notice of its intent to file a Request for Entry of Clerk's Default. "Fed. R. Civ. P. 55 (a), which permits a court clerk to enter default upon a showing that a party has not pleaded or defended within 20 days of service of a complaint, as required by Rule

---

[3] Mr. Pia, counsel for Defendant, and Mr. Eastman, counsel for Veracity, exchanged several emails over the past year; such correspondence is listed in an Outlook® screen shot (See Decl. Eastman, Exhibit 4 filed herewith). The substance of many of the emails has been redacted based on FRE 408 claims of privilege, but the timing speaks volumes as to Defendant's knowledge of the case, its clear obligations to defend the case, and its intermittent abandonment of all communication for months at a time.

12, has no notice requirement." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 512 (9th Cir. 1986). Ongoing settlement discussions do not preclude entry of default. *Hawaii Carpenters*, 794 F.2d at 512.

**B.      Defendant's Failure To Respond Was A Calculated Strategy**

Veracity was first contacted regarding allegations of patent infringement in 2016; to date, Veracity has denied infringement, and steadfastly refused to pay any "settlement" license fee. In lock step with most Non Practicing Entities' (NPE) methods of "business", Defendant has continued to bully Veracity with weak allegations of infringement, ever decreasing settlement demands, and threats of infringement which are intended to cast a cloud on Veracity and its business.

If Defendant was truly relying on its "understanding that its deadline to file an Answer or respond to the Complaint was continued until the parties had definitively concluded their settlement discussions per the previous eight months of conduct between them" (Dkt. No. 13-1, lines 10-13, Decl. Pia, Dkt. No. 13-2, ¶4), then why did Defendant propose a Motion for Dismissal for Want of Prosecution (Dkt. No. 11) instead of an Answer. This answer is simple: an Answer would force resolution of the matter, while a Motion to Dismiss would maintain the cloud over Veracity and allow Defendants to continue their "licensing" tactics.

Defendants' conduct is not a "simple error" or "excusable neglect" as its counsel suggests. Rather, the failure to actually respond in the case for over a year was a calculated litigation decision intended to maximize its oppressive power over Veracity. Defendant had ample opportunity to defend this case, was well aware that any informal extension had long expired, and it strategically chose not to take any action whatsoever in the case. Defendant's conduct does not constitute "good cause" as required by Fed. R. Civ. P. 55(c).

In the Ninth Circuit, the determination of "good cause" for setting aside entry of default under Rule 55(c) follows the same standard as a determination to set aside a default judgment under Rule 60(b). *United States v. Aguilar*, 782 F.3d 1101, fn. 8 (9th Cir. 2015). In making a determination, "a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Id.* at 1105 (citation omitted).

With respect to the first factor, Defendant engaged in culpable conduct by delaying any appearance for a year after the First Amended Complaint was served. Further, Defendant abused Veracity's professional courtesy while simultaneously continuing to intimidate Veracity into a "license" settlement. Defendant was aware of the case during the settlement discussions, and chose not to file any Answer or Counterclaim. Moreover, the "professional neglect" of Defendant's counsel in not following procedural rules would not be considered excusable neglect even if Defendant's counsel were unfamiliar the rules. *See, e.g.*, *Savarese v. Edrick*, 513 F.2d 140, 147 (9th Cir. 1975).

With respect to the second factor, by choosing not to file an Answer or make any appearance, Defendant failed to make any sort of defense, let alone a meritorious one.

Finally, with respect to the third factor, Defendant would suffer little to no prejudice by either the Entry of Default or a default judgment. Indeed, a judgment of non-infringement against Defendant would deprive it of nothing more than its intimidation and harassment campaign against Veracity. A judgment of invalidity or unfair business practices would merely deprive it of the ability to engage in similar bad conduct against others.

## C. Ninth Circuit Eitel Factors Strongly Favor an Entry of Default Judgment

The Ninth Circuit has enumerated the following factors for a district court to consider when determining whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-42 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999). .In this case, the enumerated factors weigh heavily in favor of granting default judgment.

As for the first factor, the uncertainty of potential liability is likely to scare Veracity's clients and cause substantial and ever-increasing harm to Veracity's business as long as Defendant is permitted to throw around allegations and threats related to infringement of the '701 patent. Moreover, given that Defendant first notified Veracity in 2016 regarding its allegation of infringement, Veracity is subject to mounting damages and possible customer liability; these are intolerable circumstances for Veracity and it had no option but to take action. Veracity's First Amended Complaint properly alleged the necessary elements for each cause of action, leaving the Court the capacity to grant relief as to all of them.

*Eitel* factors two and three, which are generally analyzed together, simply "require that a plaintiff state a claim on which [it] may recover.'" *Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citing

*PepsiCo v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)). Veracity has stated claims sufficient for judgment.

As for the fourth *Eitel* factor, Veracity primarily seeks declaratory and injunctive relief. In contrast, Defendant's most recent settlement "license" demand was paltry; wholly inconsistent with any legitimate belief of patent infringement related to a wireless vehicle traffic system deployed throughout the United States. The prejudice to Defendant if it was not able to extract this settlement "license" is negligible.

As for the fifth *Eitel* factor, the facts now deemed true are directed substantially toward documented allegations and threats against Veracity by Defendant, Defendant's ownership of the '701 Patent, Defendant's prior litigious habits, lack of patent infringement, and the existence of several prior art references strongly suggesting the invalidity of the '701 Patent, none of which, in the absence of an answer to the Complaint, have been or can be genuinely disputed. *See Philip Morris USA Inv. V. Castworld Products, Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003).

With respect to the sixth *Eitel* factor, the inability of Defendant's counsel to file a response or even make a formal appearance in a year's time cannot reasonably be considered excusable neglect. Even if Defendant's assertion that their counsel, experienced litigators, were somehow "tricked" by Veracity into not responding to the First Amended Complaint were true, parties cannot consent to an extension of time to file an answer without the Court's approval. Fed. R. Civ. P. 6(b); *In re Sonoma V*, 703 F.2d 429, 431 (9th Cir. 1983) (citing *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (3d Cir. 1942) (holding that under Rule 6(b) the time allowed for pleading cannot be extended by mere agreement between the parties)).

Since the first six factors resolve heavily in favor of Veracity, and since the seventh *Eitel* factor cannot be interpreted to render Rule 55(b) void, an additional

strong policy underlying the Federal Rules of Civil Procedure must also be considered: "The guiding mandate of the Federal Rules is that 'They shall be construed to secure the just, speedy, and inexpensive determination of every action.'" *Orange Theatre*, 130 F.2d at 187.

In light of the above, careful consideration of the *Eitel* factors strongly supports granting Veracity's request for entry of default judgment.

### D. This Court Should Declare That Veracity Has Not Infringed the '701 Patent

Veracity's FieldLogic GPS-based fleet management systems do not infringe any claims of the '701 patent, and Veracity does not make use offer for sale, import, or sell, and has not made, used offered for sale, imported, or sold in the United States any products that infringe any claims of the '701 Patent, nor has it contributed or induced others, either directly or indirectly, to infringe the '701 Patent. [First Amended Complaint, ¶¶ 33-36.]

Moreover, the invalidity of the '701 patent as set forth below precludes the possibility of infringing it. Veracity is therefore entitled to a Declaration that Veracity has not infringed the '701 patent.

### E. This Court Should Declare the '701 Patent Invalid

A U.S. Patent may be invalidated based on clear and convincing evidence of its invalidity. *Microsoft Corp. v. 141 Ltd. P'ship*, 564 U.S. 91, 95 (2011). However, the "clear and convincing" evidentiary standard does not preclude a declaration of invalidity in a default judgment; in fact, the United States Court of Appeals for the Ninth Circuit has held that a well-pleaded complaint is sufficient to meet the "clear and convincing" evidentiary standard for a finding of patent invalidity in a default judgment. *Massa v. Jiffy Prods. Co.*, 240 F.2d 702, 706 (9th

Cir. 1957). Courts have not hesitated to declare a patent invalid in default judgments. *See, e.g.*, *Honda Power Equip. Mfg. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003).

Veracity has pleaded that various publications predating the application for the '701 patent describe the claimed features of the patent. [First Amended Complaint, ¶ 40.] The '701 Patent cannot be valid in light of the existence of such publications. 35 U.S.C. §§ 102, 103. Moreover, the claims of the '701 Patent are directed toward subject matter that does not meet the statutory criteria for patentability, or that falls under a judicial exception to the statutory criteria for patentability, rendering the '701 Patent invalid. 35 U.S.C. § 101; *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. \_\_\_, 134 S. Ct. 2347, 2352 (2014) (holding that use of a computer does not make an abstract idea patentable); *Bilski v. Kappos*, 561 U.S. 593, 601 (2010) (citation omitted) (holding that abstract ideas are not patentable).

Veracity has pleaded sufficient facts, which are deemed true, including the existence of various publications, to support a finding of invalidity under 35 U.S.C. § 101, 35 U.S.C. § 102 and 35 U.S.C. § 103 in a default judgment. [First Amended Complaint, ¶ 40.]

### F. This Court Should Declare That Defendant's Conduct Is Unfair Competition

Defendant's conduct constitutes unfair competition and unfair trade practices in violation of California Business and Professions Code Section 17200 *et seq*.

Defendant has sought to coerce Veracity into paying exorbitant licensing fees by threatening enforcement of an invalid patent against non-infringing products and services. The California Supreme Court has held that the "scope [of Cal. Bus. & Prof. Code § 17200 *et seq.*] is broad" and proscribes " three varieties

of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (California 1999).  Veracity has pleaded facts sufficient to show Defendant has engaged in not only a single variety, but each of the three varieties of unfair competition contemplated by the statute. [First Amended Complaint, ¶¶ 41-47.] This Court should therefore declare that Defendant's conduct is unfair competition.

### G. This Court Should Permanently Enjoin Defendants from Continuing Threats and Unfair Trade Practices

Defendant's conduct constitutes unfair competition and unfair trade practices in violation of California Business and Professions Code Section 17200 *et seq*. "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction."  Cal. Bus. & Prof. Code § 17203 (Deering 2016).

Defendant has sought to coerce Veracity into paying exorbitant licensing fees by threatening enforcement of an invalid patent against non-infringing products and services. Veracity is therefore entitled to a permanent injunction prohibiting any demands by Defendant for licensing fees in connection with any of claims of the '701 patent.

### H. Veracity Is Entitled to an Award of Attorneys' Fees and Costs

Veracity is entitled to recover its attorneys' fees since this is an exceptional case because Defendant repeatedly sought licensing fees under the threat of litigation over a patent that it knew was invalid.   35 U.S.C. § 285. Veracity has incurred substantial attorneys' fees incurred in filing the complaint, responding to Defendants' Motion to Set Aside the Default, and bringing this motion for Default Judgment (See Decl. Eastman, ¶15). If the court grants said relief, Veracity will

submit additional evidence of its reasonable attorneys' fees and costs, as necessary.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff Veracity Wireless, Inc. respectfully requests the Court grant this motion for entry of default judgment against Defendant for Patent Non Infringement. While this alone will resolve this matter, Plaintiff also requests the Court grant its motion in favor against Defendant for Patent Invalidity, enter a permanent injunction against Defendant restraining it from engaging in future threats of litigation over its invalid patent, engaging in unfair competition and unfair trade practices, and award attorneys' fees and costs to Veracity.

Respectfully submitted,

Dated: September 5, 2018

Eastman & McCartney LLP

By: /s/ Gary L. Eastman
      Gary L. Eastman, Esq.
      Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I, the undersigned certify and declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is 401 West A Street, Suite 1785, San Diego, California, 92101, which is located in the county where the service described below took place.

On September 5, 2018, at my place of business in San Diego, California, I served a copy of the following document:

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**

The undersigned hereby certifies that he caused a copy of the foregoing documents to be filed with the clerk of the U.S. District Court, Southern District of California, using the CM/ECF filing system, and a copy will be electronically mailed to the following recipients via ECF electronic service:

John Mertens, Esq.
Pia Anderson Moss Hoyt
136 East South Temple, 19th Floor
Salt Lake City, Utah 84111

Attorneys for Defendant Virtual Fleet Management, LLC

I certify and declare under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct.

Executed on September 5, 2018, in San Diego, California.

By: /s/ Gary Eastman
    Gary Eastman