1  Gary L. Eastman  (CSB #182518)
2  Eastman & McCartney LLP
   401 West A Street, Suite 1785
3  San Diego, CA 92101
   Tel: (619) 230-1144
4  Fax: (619) 230-1194

5  Attorney for Plaintiff, Veracity Wireless, Inc.

6

7

8

9                    UNITED STATES DISTRICT COURT

10                      SOUTHERN DISTRICT

| | |
|---|---|
| VERACITY WIRELESS, INC., a California  Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIRTUAL FLEET MANAGEMENT, LLC, a Texas Limited Liability Company," and DOES 1-20<br><br>Defendant. | **Case No.: 3:17-cv-00295-JLS-BLM**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**<br><br>Judge:  Hon. Janis L. Sammartino<br>Courtroom: 4D<br>Date: October 4, 2018<br>Time: 1:30pm |

Plaintiff Veracity Wireless, Inc. ("Veracity") respectfully submits the following Opposition to Defendant Virtual Fleet Management, LLC's ("Defendant") Motion to Set Aside Entry of Default, and the Declaration of Gary L. Eastman, filed herewith.

## I.   INTRODUCTION

The issue here is simple: Defendant argues that the Entry of Default should be set aside because Defendant's failure to file a response was "excusable neglect" and the result of "a simple error." But Defendant's actions and statements also admit that Defendant knew of the existence of the Complaint and affirmatively chose not to file an answer or make any sort of appearance. Defendant's conduct and assertions are entirely inconsistent with negligence or "a simple error."

## II.   PROCEDURAL BACKGROUND

Veracity filed this action on February 14, 2017, hoping to resolve a dispute initiated by Defendant.  Veracity develops, manufactures, and markets GPS-based fleet management systems and services under the brand name FieldLogix [First Amended Complaint, ¶ 8.]

Defendant is the owner by assignment of U.S. Patent No. 6,958,701 ("the '701 Patent") entitled "Transportation Monitoring System for Detecting the Approach of a Specific Vehicle." [First Amended Complaint, ¶ 9.] Defendant does not manufacture or sell any products or services related to transportation monitoring systems, or any other products or services, but rather engages solely in the business of licensing the '701 patent. [First Amended Complaint, ¶ 27.] In fact, Defendant has significant litigation experience, as it regularly files lawsuits in order to intimidate others into paying its licensing fees. [First Amended Complaint, ¶¶ 21, 28.]  (See also Exhibit 1, Decl. Eastman submitted herewith) Defendant's aggressive conduct against accused infringers proceeds despite the

fact that Defendant is aware of a high likelihood that the '701 patent is invalid over existing prior art. [First Amended Complaint, ¶¶ 10-11, 40.]  (See also Exhibit 2, Decl. Eastman)

Since May 6, 2016, Defendant has been pressuring Veracity to accede to Defendant's demands for excessive licensing fees in order to avoid a lawsuit. [First Amended Complaint, ¶¶ 12-25.] After communications between Veracity and Defendant failed to move the matter toward a resolution, Veracity served its Summons and Complaint and Defendants on June 9, 2017. [See Docket Nos. 5, 6.] Defendants failed to timely respond, and on July 23, 2018, the Clerk of this Court entered a default against the Defendant. [See Docket No. 10.]

Even after initially filing the motion for entry of default, Veracity agreed to meet and confer with Defendant on July 20, 2018, with the hope of settling the matter amicably and on reasonable terms without having to proceed to the present Motion for Entry of Default Judgment. However, Defendant now states that its counsel had neither filed an Answer nor made any appearance due to an agreement between the parties. [See Docket No. 13.] Defendant's statement unavoidably leads to the inference that Defendant's counsel would have the Court believe the incredible claim that Defendant's counsel, despite being experienced litigators, has been gullible rather than willful or inexcusably negligent in defending this case.

## III.   ARGUMENT

Defendant has failed to provide any reasonable basis to set aside the Entry of Default, and Defendant's own statements regarding its conduct are self-contradicting.

### A.     Defendant's Conduct Was Intentional, Not Excusable Neglect

Defendant wrongly argues is that its conduct, or rather lack thereof, is attributable to excusable neglect. [Motion 1:4-5.] Defendant asserts, in contradiction to its pretense of negligence, that Defendant knew of the Complaint, and affirmatively chose not to file an answer or formally appear in the case. [Motion 4:27-28, 5:1-3.]

Defendant thought that even after Veracity filed a complaint against it, it could continue to intimidate Veracity, and apparently supposed that for this reason it was unnecessary to mount any defense to the instant case. Now that a default has been entered, Defendant has concocted a fantastical story about an agreement between the parties that Defendant could knowingly ignore procedural rules for well over a year without consequence. Notwithstanding Defendant's assertions, Rule 6(b) of the Federal Rules of Civil Procedure and supporting case law states that an agreement between the parties to extend the time to file an Answer is invalid without the Court's consent, and that failure to file an Answer based on such an agreement is not considered excusable neglect. Fed. R. Civ. P. 6(b); *In re Sonoma V*, 703 F.2d 429, 431 (9th Cir. 1983) (citing *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (3d Cir. 1942) (holding that under Rule 6(b) the time allowed for pleading cannot be extended by mere agreement between the parties)).  Local Rule 12.1 provides the same guidance.

In light of the above, Defendant has failed to make any legitimate argument for why the Entry of Default should be set aside.

### B.     The Eitel Factors Do Not Support Defendant's Motion

Defendant inexplicably relies on the Ninth Circuit's enumerated factors for a district court to consider when determining whether to grant default judgment:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of

money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-42 (9th Cir. 1986).

The observation has been made that "[i]n applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

In this case, as outlined in greater detail in Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 16-1), the enumerated factors weigh heavily in favor of granting default judgment. As for the first factor, the uncertainty of potential liability is likely to scare Veracity's clients and cause substantial and ever-increasing harm to Veracity's business as long as Defendant is permitted to throw around allegations and threats related to the '701 patent. Veracity's Complaint properly alleged the necessary elements for each cause of action, leaving the Court the capacity to grant relief as to all of them. This satisfies *Eitel* factors two and three, which are generally analyzed together and simply "require that a plaintiff state a claim on which [it] may recover.'" *Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citing *PepsiCo v. Cal. Sec. Cans.*, 238 F. Supp 2d 1172, 1175 (C.D. Cal. 2002)). As for the fourth *Eitel* factor, Veracity primarily seeks declaratory and injunctive relief. As for the fifth *Eitel* factor, the facts alleged in the First Amended Complaint are directed substantially toward documented allegations and threats against Veracity by Defendant, Defendant's ownership of the '701 patent, Defendant's prior litigious habits, and the existence of several prior art references suggesting the invalidity of the '701 patent, none of which have been or can be genuinely disputed. *See Philip Morris USA Inv. V. Castworld Products, Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003).

With respect to the sixth *Eitel* factor, the inability of Defendant's counsel to file a response or even make a formal appearance in over a year's time cannot

reasonably be considered excusable neglect.  Even if Defendant's assertion that their counsel, experienced litigators, were somehow "tricked" by Veracity into not responding to the Complaint were true, parties cannot consent to an extension of time to file an answer without the Court's approval.  Fed. R. Civ. P. 6(b); *Sonoma*, 703 F.2d at 431.

Since the first six factors resolve heavily in favor of Veracity, and since the seventh *Eitel* factor cannot be interpreted to render Rule 55(b) void, an additional strong policy underlying the Federal Rules of Civil Procedure must also be considered: "The guiding mandate of the Federal Rules is that 'They shall be construed to secure the just, speedy, and inexpensive determination of every action.'" *Orange Theatre*, 130 F.2d at 187.

In light of the above, consideration of the *Eitel* factors weighs strongly against Defendant's Motion to Set Aside Entry of Default, and strongly supports entry of default judgment in favor of Veracity.

## C.      If The Court Is Inclined To Grant's Defendant's Motion, It Should Withhold Leave To File Counterclaims

If the Court is inclined to grant Defendant's Motion to Set Aside Entry of Default, Veracity respectfully requests that the Court deny Defendant leave to file late counterclaims, and grant Defendant no more than leave to file a late Answer alone. If Defendant were allowed to file a counterclaim at this late stage, it would be highly prejudicial to Veracity as Veracity would continue to suffer considerable uncertainty as to its potential liabilities and its customers' potential liabilities.  Such uncertainty would cause unnecessary and irreparable harm to Veracity's business.  Late counterclaims have been recognized as prejudicial to the opposing party. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (affirming district court's denial of leave to file "new counterclaims [that] at this late date would prejudice [the nonmoving party]").

### 1.  There is No Legitimate Patent Infringement Claim

Defendant - a classic non-practicing entity – has a habit of filing suit and "settling".  Defendant first contacted Plaintiff alleging patent infringement in 2016, and Plaintiff immediately, and at all times since, denied infringement.  Each offer for license proffered by Defendant was summarily rejected.   (Decl. Eastman, para. 4)  Over the course of periodic discussions since Defendant's first contact, Defendants demands were lowered considerably, while Plaintiff steadfastly denied infringement and refused payment of any "fee."  (*id.*).  The "fee" demanded by Defendant had no nexus whatsoever to any traditional measure of patent damages, including Plaintiff's business revenue, profits, or number of customers.  (Decl. Eastman, para. 5)  Rather, the "fee" demanded was simply part of Defendant's predatory strategy aimed at reaping financial advantage from the inability or unwillingness of Plaintiff to engage in litigation defending even frivolous patent lawsuits.  The pattern of action here is indeed one that strongly suggests defendant brought suit against many alleged "infringers," including Plaintiff, without carefully reviewing their claims as a calculated risk that might yield nuisance-value settlements.

### 2.  The Court May Withhold Leave To File Late Counterclaims Even If It Grants Leave To File A Late Answer

Since counterclaims were due at the time of Defendant's answer, any counterclaims that Defendant might propose are omitted counterclaims and may only be filed with leave of the Court. Fed R. Civ. P. 15(a)(2).[1] Courts are not required to give leave to file a counterclaim. *Falcon Lock Co. v. Best Universal Lock Co.*, 362 F.2d 221, 223 (9th Cir. 1966) (recognizing that an issue was not before the appellate court when leave to file it as a counterclaim had been denied).

---

[1] Fed. R. Civ. P. 13(f), directed toward adding an omitted counterclaim, was deleted in 2009 because the Advisory Committee considered it "largely redundant" with Fed. R. Civ. P. 15(a)(2), and both "seem to be administered . . . according to the same standard. . . ."

Moreover, Courts in this Circuit have denied leave to file counterclaims directed to issues the defendant has waived, *Magnesystems v. Nikken, Inc.*, 933 F. Supp. 944, 951 (C.D. Cal. 1996), as Defendant has knowingly done with respect to all issues in this case by virtue of its default.  Indeed, when there is no "reasonable explanation for the delay," a district court may properly deny leave to file a six-month late counterclaim.  *Porsboll v. Vaile*, 271 Fed. Appx. 669, 672 (9th Cir. 2008), *cert. denied*, 555 U.S. 994 (2008); *Ralston-Purina Co. v. Bertie*, 541 F.2d 1363, 1367 (9th Cir. 1976). Any counterclaim Defendant might seek to file in this case would be over a year late.

Four factors are considered in determining whether to grant leave to file a late counterclaim: "prejudice to the opposing party, undue delay, bad faith, and futility," of which "[t]he single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment." *Horton v. Calvary Portfolio Servs., LLC*, 301 F.R.D. 547, 549 (S.D. Cal. 2014) (citations omitted).

As discussed above, Veracity would be severely prejudiced if Defendant were granted leave to file a belated counterclaim. Veracity's primary reason for filing the instant action was to speed the dispute between Veracity and Defendant to a conclusion, but Defendant has engaged in delay tactics and unduly prolonged the process by failing to appear or file any pleadings.

Defendants first raised the issue of patent infringement over two years ago; casting a cloud over Plaintiff and its customers.  Despite clear knowledge of their "concerns" of infringement by Plaintiff, and service upon and acknowledgement of Plaintiff's Complaint for Declaratory Judgment of Non-Infringement, Defendants chose not to file any responsive pleading.  This ploy effectively extended any damage period that may apply to Plaintiff in this case and potentially provides a windfall for Defendants in this action by their calculated decision to break the Federal Rules of Civil Procedure regarding time to Answer, break Local Rule 12.1 requiring a showing of good cause to extend any deadline

to Answer, and not to participate in this case in any way whatsoever for more than a year.  Moreover, Defendant's tactics in the case, both in its strategic delay and its ultimate filing of a Motion to Dismiss rather than an Answer, demonstrate Defendant's bad faith.

3.     **The Court May Deny Leave To File Counterclaims As A Sanction**

Denial of leave to file counterclaims would also be appropriate as a sanction against Defendant for Defendant's outrageous conduct in the present case, including failing to file any pleadings or make an appearance within any reasonable time period following receipt of personal service.  [Dkt. No. 6].  The Court has the inherent power to impose sanctions.  *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (holding review of authority under a particular rule unnecessary when court dismissed counterclaim using its inherent power to impose sanctions), and Defendant has wasted both Veracity's and the Court's time and resources by its conduct.  Denial of leave to file counterclaims is an appropriate sanction because Defendant had more than ample time to file counterclaims had it so desired; the sanction itself would not remove Defendant's ability to argue against the invalidity of the '701 patent, which may be both the most significant issue in the present case and a matter in which Defendant has separately jeopardized itself by its default.  (See Defendant's Motion to Dismiss, Dkt. No. 11-1, pg. 1, ll. 17-19).

A sanction denying Defendant leave to file counterclaims would be analogous to one dismissing counterclaims, the latter having been upheld as appropriate in the Ninth Circuit. *Anheuser-Busch*, 69 F.3d at 348.  Moreover, as mentioned above, the Court is not obligated to allow Defendant to file late counterclaims, *Falcon*, 362 F.2d at 223, particularly when the factors of prejudice to the other party and the Court's interest in managing its docket are in play. Nor does Defendant have recourse to argument regarding "the ability of less drastic

sanctions," *Anheuser-Busch*, 69 F.3d at 348, since, considering Defendant's default, denial of leave to file counterclaims would be the less drastic sanction.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Veracity Wireless, Inc. respectfully requests the Court deny Defendant's inadequate Motion to Set Aside Entry of Default.

Respectfully submitted,

Dated: September 20, 2018

Eastman & McCartney LLP

By:  __/s/  Gary L. Eastman__
          Gary L. Eastman, Esq.
          Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, the undersigned certify and declare as follows:

I am over the age of eighteen years and not a party to this action.  My business address is 401 West A Street, Suite 1785, San Diego, California, 92101, which is located in the county where the service described below took place.

On September 20, 2018, at my place of business in San Diego, California, I served a copy of the following document:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO SET ASIDE DEFAULT**

The undersigned hereby certifies that he caused a copy of the foregoing documents to be filed with the clerk of the U.S. District Court, Southern District of California, using the CM/ECF filing system, and a copy will be electronically mailed to the following recipients via ECF electronic service:

John Mertens, Esq.
Pia Anderson Moss Hoyt
136 East South Temple, 19th Floor
Salt Lake City, Utah 84111

Attorneys for Defendant Virtual Fleet Management, LLC

I certify and declare under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct.

Executed on September 20, 2018, in San Diego, California.

By:       /s/ Gary Eastman
                Gary Eastman

---