Gary L. Eastman  (CSB #182518)
Eastman & McCartney LLP
401 West A Street, Suite 1785
San Diego, CA 92101
Tel: (619) 230-1144
Fax: (619) 230-1194

Attorney for Plaintiff, Veracity Wireless, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT

| | |
|---|---|
| VERACITY WIRELESS, INC., a California  Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIRTUAL FLEET MANAGEMENT, LLC, a Texas Limited Liability Company," and DOES 1-20<br><br>Defendant. | **Case No.: 3:17-cv-00295-JLS-BLM**<br><br>**Declaration of Gary L. Eastman In Support of Plaintiff's Opposition to Defendant's Request to Set Aside Default**<br><br>**Judge:  Hon. Janis L. Sammartino October 4, 2018** |

I, Gary L. Eastman, hereby declare as follows:

1.  I am an attorney for Plaintiff Veracity Wireless, Inc. ("Veracity") in the above entitled action.  I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2.  Attached as Exhibit 1 is an collection of Forms AO120 "Report on the Filing or Determination of an Action Regarding A Patent or Trademark" downloaded from the United States Patent and Trademark Office Patent Application Information Retrieval (PAIR) system relating to the at-issue Patent, US Patent No. 6,958,701, representing multiple lawsuits involving the patent, and none reflecting a final determination on the merit; all cases (with the exception of this pending matter) were dismissed.

3.  Attached as Exhibit 2 is a Decision Regarding Instigation of Inter Partes Review (IPR), downloaded from the United States Patent and Trademark Office Patent Application Information Retrieval (PAIR) system relating to the at-issue Patent, US Patent No. 6,958,701, considering the challenge to the validity of the patent and authorizing the institution of a review of validity of the patent claims based on obviousness (35 U.S.C. ¶103); the matter was never finally decided by the Patent Trial and Appeal Board (PTAB) as the matter was resolved via stipulated dismissal by the parties shortly thereafter.

4.  Each offer for license proffered by Defendant was summarily rejected. Over the course of periodic discussions since Defendant's first contact, Defendants demands were lowered considerably, while Plaintiff steadfastly denied infringement and refused payment of any "fee."

5.  The "fee" demanded by Defendant had no nexus whatsoever to any traditional measure of patent damages, including Plaintiff's business revenue, profits, or number of customers.

1

2          I certify and declare under penalty of perjury under the laws of the United

3    States of America and the State of California that the foregoing is true and correct.

4

5

6    Dated: September 20, 2018

7                                          Eastman & McCartney LLP

8                                          By: /s/  Gary L. Eastman

9                                               Gary L. Eastman, Esq.
                                                Attorney for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# EXHIBIT 1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court   for the Eastern District of Texas, Marshall Division   on the following

☐ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:16-cv-1108 | DATE FILED<br>10/6/2016 | U.S. DISTRICT COURT<br>for the Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>VIRTUAL FLEET MANAGEMENT, LLC | | DEFENDANT<br><br>LAND AIR SEA SYSTEMS, INC., |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,958,701 | 10/25/2005 | Virtual Fleet Management, LLC |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | | |
|---|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| <br><br><br> |

| CLERK<br>Angela D. Caesar, Clerk | (BY) DEPUTY CLERK | DATE |
|---|---|---|

Copy 1----Upon initiation of action, mail this copy to Director     Copy 3---Upon termination of action, mail this copy to Director
Copy 2---Upon filing document adding patent(s), mail this copy to Director     Copy 4---Case file copy

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___for the Eastern District of Texas, Marshall Division___ on the following

☐ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:17-cv-00033 | DATE FILED<br>1/12/2017 | U.S. DISTRICT COURT<br>for the Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>VIRTUAL FLEET MANAGEMENT, LLC | | DEFENDANT<br><br>GreenRoad Technologies, Inc. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,958,701 | 10/25/2005 | Virtual Fleet Management, LLC |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | | |
|---|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>Angela D. Caesar, Clerk | (BY) DEPUTY CLERK | DATE |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

AO 120 (Rev. 08/10)

| TO: Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court **Eastern District of Michigan** on the following

☐ Trademarks or  ☑ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>16-11060 | DATE FILED<br>3/23/2016 | U.S. DISTRICT COURT<br>Eastern District of Michigan |
|---|---|---|

| PLAINTIFF<br><br>Fleetilla, LLC | DEFENDANT<br><br>Virtual Fleet Management, LLC |
|---|---|

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | see attached |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT<br><br>7/19/2016   STIPULATED ORDER DISMISSING CASE |
|---|

| CLERK<br>David J. Weaver | (BY) DEPUTY CLERK<br>S. Schoenherr | DATE<br>9/8/2017 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FLEETILLA, LLC, a Michigan Limited
Liability Company

                     Plaintiff(s),                Case No.  5:16-cv-11060-BAF-RSW

v.                                      Judge  Bernard A. Friedman

VIRTUAL FLEET MANAGEMENT, LLC, a Texas
Limited Liability Company,              Magistrate Judge  R. Steven Whalen

                     Defendant(s).
_____/

**REPORT ON THE FILING OR DETERMINATION OF AN ACTION REGARDING A PATENT OR TRADEMARK**

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court, <u>Eastern District of Michigan</u>, on the following ☑ Patents or ☐ Trademarks

| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,958,701 | 10-25-2005 | John D. Storkamp, et al. |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |

To list additional patent/trademark numbers, please attach another page with the number, date and holder.

Date:   March 23, 2016

                                 s/Craig A. Redinger
                                 P68794
                                 YOUNG BASILE HANLON & MACFARLANE P.C.
                                 301 E. LIBERTY
                                 SUITE 680
                                 ANN ARBOR, MICHIGAN 48104
                                 734-662-0270
                                 redinger@youngbasile.com

AO 120 (Rev. 08/10)

| TO:   Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court    Texas Eastern District Court - Marshall Div.    on the following

☐ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>17cv00552 | DATE FILED<br>1/5/2017 | U.S. DISTRICT COURT<br>Texas Eastern District Court - Marshall Div. |
|---|---|---|
| PLAINTIFF<br><br>Virtual Fleet Management | | DEFENDANT<br><br>Position Logic LLC |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  6,958,701 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | |
|---|---|---|
| | ☐ Amendment      ☐ Answer      ☐ Cross Bill      ☐ Other Pleading | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy**

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court **for the Eastern District of Texas, Marshall Division** on the following

☐ Trademarks or  ☑ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:16-cv-1107 | DATE FILED<br>10/6/2016 | U.S. DISTRICT COURT<br>for the Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>VIRTUAL FLEET MANAGEMENT, LLC | | DEFENDANT<br><br>Clever Devices, Ltd. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,958,701 | 10/25/2005 | Virtual Fleet Management, LLC |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading | | |
|---|---|---|---|
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT<br><br>NOTICE OF VOLUNTARY DISMISSAL WITH PREJUIDCE |
|---|

| CLERK<br>David A. O'Toole | (BY) DEPUTY CLERK<br>CH | DATE<br>5/1/17 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

Trials@uspto.gov
571–272–7822

Paper 9
Entered: July 7, 2017

UNITED STATES PATENT AND TRADEMARK OFFICE

———————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————————

UNIFIED PATENTS INC.,
Petitioner,

v.

VIRTUAL FLEET MANAGEMENT, LLC,
Patent Owner.

———————————

Case IPR2017-00845
Patent 6,958,701 B1

———————————

Before MICHAEL W. KIM, TRENTON A. WARD, and
JASON J. CHUNG, *Administrative Patent Judges*.

WARD, *Administrative Patent Judge*.

DECISION
Termination of Proceeding and Dismissal of Petition
*35 U.S.C. §§ 42.5(a), 42.71*

IPR2017-00845
Patent 6,958,701 B1

Pursuant to authorization provided by the Board on June 21, 2017, Unified Patents Inc. ("Unified") and Virtual Fleet Management, LLC ("Virtual Fleet") filed a Joint Motion to Terminate.  Paper 7 ("Motion" or "Mot.").  The parties also filed a true copy of a Confidential Settlement and License Agreement ("Agreement").  Ex. 1016.  The parties identified the Agreement as business confidential information and requested that the Agreement be kept separate from the patent file under 35 U.S.C. § 317(b) and 37 C.F.R. § 42.74(c).  Paper 8 ("Joint Request").

The Board generally expects that a case "will terminate after the filing of a settlement agreement, unless the Board has already decided the merits." *Office Patent Trial Practice Guide*, 77 Fed. Reg. 48,756, 48,768 (Aug. 14, 2012); *see* 37 C.F.R. § 42.72.  Here, the proceeding is still in its early stages, as Patent Owner has not filed a preliminary response, and the Board has not issued a decision on institution.  Unified and Virtual Fleet indicate that, pursuant to the Agreement, they have settled their dispute regarding U.S. Patent No. 6,958,701 B1.  Mot. 1, 3.  The parties represent that "there are no other agreements, oral or written, between the parties made in connection with, or in contemplation of, the termination of the present proceeding." *Id.* at 1.  Under these circumstances, we determine that it is appropriate to terminate this proceeding, and dismiss the petition. *See* 37 C.F.R. §§ 42.5(a), 42.71.  We also determine that it is appropriate to treat the Agreement (Ex. 1016) as business confidential information to be kept separate from the patent file. *See* 35 U.S.C. § 317(b); 37 C.F.R. § 42.74(c).

IPR2017-00845
Patent 6,958,701 B1

In consideration of the foregoing, it is hereby:

ORDERED that the Motion is *granted*;

FURTHER ORDERED that the petition is dismissed and the proceeding is terminated as to all parties; and

FURTHER ORDERED that the Joint Request to treat the Confidential Settlement and License Agreement (Ex. 1016) as business confidential information to be kept separate from the patent file under 35 U.S.C. § 317(b) and 37 C.F.R. § 42.74(c) is *granted*.

PETITIONER:
Kevin Laurence
Matthew Phillips
RENAISSANCE IP LAW GROUP LLP
kevin.laurence@renaissanceiplaw.com
matthew.phillips@renaissanceiplaw.com

Jonathan Stroud
UNIFIED PATENTS INC.
jonathan@unifiedpatents.com

PATENT OWNER:
Brett Davis
PIA ANDERSON MOSS HOYT
bdavis@pa-law.com

3

AO 120 (Rev. 08/10)

| TO:  Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___for the Eastern District of Texas, Marshall Division___ on the following

☐ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:16-cv-00646 | DATE FILED<br>6/14/2016 | U.S. DISTRICT COURT<br>for the Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>Virtual Fleet Management, LLC | | DEFENDANT<br><br>Fleetilla, LLC |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  6,958,701 | 10/25/2005 | Virtual Fleet Management, LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| ORDER OF DISMISSAL WITH PREJUDICE |

| CLERK<br>*David A. O'Toole* | (BY) DEPUTY CLERK<br>Nakisha Love | DATE<br>7/20/16 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy

AO 120 (Rev. 08/10)

| TO:          Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court ___ for the Eastern District of Texas, Marshall Division ___ on the following

☐ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:16-cv-00592 | DATE FILED<br>6/6/2016 | U.S. DISTRICT COURT<br>for the Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>VIRTUAL FLEET MANAGEMENT, LLC | | DEFENDANT<br><br>TELOGIS, INC. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  6,958,701 | 10/25/2005 | VIRTUAL FLEET MANAGEMENT, LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT<br><br>Order granting party dismissed with prejudice |
|---|

| CLERK<br>*David A. O'Toole* | (BY) DEPUTY CLERK<br>ch | DATE<br>8/26/16 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

AO 120 (Rev. 08/10)

| TO:   Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___for the Eastern District of Texas, Marshall Division___ on the following

☐ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:16-cv-00647 | DATE FILED<br>6/14/2016 | U.S. DISTRICT COURT<br>for the Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>Virtual Fleet Management, LLC | | DEFENDANT<br><br>US FLEET TRACKING, LLC |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,958,701 | 10/25/2005 | Virtual Fleet Management, LLC |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| ORDERED that all claims asserted in this suit between Plaintiff and Defendant are hereby dismissed with prejudice. |

| CLERK<br>*David A. O'Toole* | (BY) DEPUTY CLERK<br>ch | DATE<br>8/26/16 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

| To: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313–1450 | **REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court Southern District of California on the following: _**X**_ Patents or ___ Trademarks:

| DOCKET NO.<br><br>3:17–cv–00295–BTM–BLM | DATE FILED<br><br>2/14/17 | **US District Court** Southern District of California<br><br>San Diego, CA |
|---|---|---|
| PLAINTIFF<br><br>Veracity WIreless, Inc. | | DEFENDANT<br><br>Virtual Fleet Management, LLC, et al. |

| PATENT OR<br>TRADEMARK NO. | PATENT OR<br>TRADEMARK NO. | PATENT OR<br>TRADEMARK NO. |
|---|---|---|
| 1. 6,958,701 | 6. | 11. |
| 2. | 7. | 12. |
| 3. | 8. | 13. |
| 4. | 9. | 14. |
| 5. | 10. | 15. |

In the above–entitled case, the following patents(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br><br>__ Amendment __ Answer __ Cross Bill __ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | PATENT OR<br>TRADEMARK NO. | PATENT OR<br>TRADEMARK NO. |
| 1. | 6. | 11. |
| 2. | 7. | 12. |
| 3. | 8. | 13. |
| 4. | 9. | 14. |
| 5. | 10. | 15. |

In the above–entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK<br><br>John Morrill | (BY) DEPUTY CLERK | DATE |
|---|---|---|

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court    for the Eastern District of Texas, Marshall Division    on the following

☐ Trademarks or    ☑ Patents.    ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:17-cv-00033 | DATE FILED<br>1/12/2017 | U.S. DISTRICT COURT<br>for the Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>VIRTUAL FLEET MANAGEMENT, LLC | | DEFENDANT<br><br>GreenRoad Technologies, Inc. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  6,958,701 | 10/25/2005 | Virtual Fleet Management, LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | | |
|---|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>Angela D. Caesar, Clerk | (BY) DEPUTY CLERK | DATE |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

AO 120 (Rev. 08/10)

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___for the Eastern District of Texas, Marshall Division___ on the following

☐ Trademarks or ☑ Patents   ( ☐ the patent action involves 35 U.S.C. § 292 ):

| DOCKET NO.<br>2:16-cv-1075 | DATE FILED<br>10/4/2016 | U.S. DISTRICT COURT<br>for the Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>VIRTUAL FLEET MANAGEMENT, LLC | | DEFENDANT<br><br>ACTSOFT, INC. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,958,701 | 10/25/2005 | Virtual Fleet Management, LLC |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| Notice of Voluntary Dismissal |

| CLERK<br>*David A. O'Toole* | (BY) DEPUTY CLERK<br>ch | DATE<br>**12/19/16** |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

AO 120 (Rev. 08/10)

| TO: Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court     for the Eastern District of Texas, Marshall Division     on the following

☐ Trademarks or     ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:16-cv-1107 | DATE FILED<br>10/6/2016 | U.S. DISTRICT COURT<br>for the Eastern District of Texas, Marshall Division |
|---|---|---|

| PLAINTIFF<br>VIRTUAL FLEET MANAGEMENT, LLC | DEFENDANT<br>Clever Devices, Ltd. |
|---|---|

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  6,958,701 | 10/25/2005 | Virtual Fleet Management, LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | | |
|---|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | | |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>Angela D. Caesar, Clerk | (BY) DEPUTY CLERK | DATE |
|---|---|---|

Copy 1---Upon initiation of action, mail this copy to Director     Copy 3---Upon termination of action, mail this copy to Director
Copy 2---Upon filing document adding patent(s), mail this copy to Director     Copy 4---Case file copy

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court     for the Eastern District of Texas, Marshall Division     on the following

☐ Trademarks or    ☑ Patents.    ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:16-cv-1108 | DATE FILED<br>10/6/2016 | U.S. DISTRICT COURT<br>for the Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>VIRTUAL FLEET MANAGEMENT, LLC | | DEFENDANT<br><br>LAND AIR SEA SYSTEMS, INC., |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,958,701 | 10/25/2005 | Virtual Fleet Management, LLC |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | | |
|---|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>Angela D. Caesar, Clerk | (BY) DEPUTY CLERK | DATE |
|---|---|---|

Copy 1----Upon initiation of action, mail this copy to Director     Copy 3---Upon termination of action, mail this copy to Director
Copy 2---Upon filing document adding patent(s), mail this copy to Director     Copy 4---Case file copy

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court ___for the Eastern District of Texas, Marshall Division___ on the following

☐ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:16-cv-1075 | DATE FILED<br>10/4/2016 | U.S. DISTRICT COURT<br>for the Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>VIRTUAL FLEET MANAGEMENT, LLC | | DEFENDANT<br><br>ACTSOFT, INC. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,958,701 | 10/25/2005 | Virtual Fleet Management, LLC |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | | |
|---|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | | |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>Angela D. Caesar, Clerk | (BY) DEPUTY CLERK | DATE |
|---|---|---|

Copy 1---Upon initiation of action, mail this copy to Director     Copy 3---Upon termination of action, mail this copy to Director
Copy 2---Upon filing document adding patent(s), mail this copy to Director     Copy 4---Case file copy

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court     for the Eastern District of Texas, Marshall Division     on the following

☐ Trademarks or    ☑ Patents.    ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:16-cv-00592 | DATE FILED<br>6/6/2016 | U.S. DISTRICT COURT<br>for the Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>VIRTUAL FLEET MANAGEMENT, LLC | | DEFENDANT<br><br>TELOGIS, INC. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1   6,958,701 | 10/25/2005 | VIRTUAL FLEET MANAGEMENT, LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | | |
|---|---|---|---|---|
| | ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | | | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | | |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| Order granting party dismissed with prejudice |

| CLERK<br>*David A. O'Toole* | (BY) DEPUTY CLERK<br>ch | DATE<br>8/26/16 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court     for the Eastern District of Texas, Marshall Division     on the following

☐ Trademarks or    ☑ Patents.   (   ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:16-cv-00647 | DATE FILED<br>6/14/2016 | U.S. DISTRICT COURT<br>for the Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>Virtual Fleet Management, LLC | | DEFENDANT<br><br>US FLEET TRACKING, LLC |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1   6,958,701 | 10/25/2005 | Virtual Fleet Management, LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | | |
|---|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | | |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
|   ORDERED that all claims asserted in this suit between Plaintiff and Defendant are hereby dismissed with prejudice. |

| CLERK    *David A. O'Toole* | (BY) DEPUTY CLERK   ch | DATE<br>8/26/16 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy

AO 120 (Rev. 08/10)

| TO: Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court      for the Eastern District of Texas, Marshall Division      on the following

☐ Trademarks or    ☑ Patents.    ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>2:16-cv-00646 | DATE FILED<br>6/14/2016 | U.S. DISTRICT COURT<br>for the Eastern District of Texas, Marshall Division |
|---|---|---|
| PLAINTIFF<br><br>Virtual Fleet Management, LLC | | DEFENDANT<br><br>Fleetilla, LLC |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 6,958,701 | 10/25/2005 | Virtual Fleet Management, LLC |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | | |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1---Upon initiation of action, mail this copy to Director    Copy 3---Upon termination of action, mail this copy to Director
Copy 2---Upon filing document adding patent(s), mail this copy to Director    Copy 4---Case file copy

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court **District of Delaware** on the following

☐ Trademarks or ☑ Patents. ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED<br>5/1/2014 | U.S. DISTRICT COURT<br>District of Delaware |
|---|---|---|
| PLAINTIFF<br><br>Proximity Monitoring Innovations LLC | | DEFENDANT<br><br>AssetWorks, Inc. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 US 6,958,701 B1 | 10/25/2005 | Proximity Monitoring Innovations LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| Dismissed — See Attached |

| CLERK<br>John A Cerino, Clerk<br>United States District Court<br>844 N. King Street, Unit 18<br>Wilmington, DE 19801 | (BY) DEPUTY CLERK | DATE<br>5/27/15 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director      Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director      Copy 4—Case file copy

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROXIMITY MONITORING INNOVATIONS LLC<br><br>Plaintiff,<br><br>-against-<br><br>ASSETWORKS LLC (f/k/a ASSETWORKS, INC.)<br><br>Defendant. | Civil Action No.: 14-cv-575-GMS-SRF |

### JOINT STIPULATION OF DISMISSAL

WHEREAS, in this action Plaintiff Proximity Monitoring Innovations LLC ("PMI") has accused Defendant AssetWorks LLC (f/k/a AssetWorks, Inc.) ("AssetWorks") of patent infringement pursuant to 35 U.S.C § 271; and

WHEREAS, in this action PMI has accused of infringement (i) products known as the AssetWorks GPS Solution ("AssetWorks GPS Solution products") and (ii) other AssetWorks products;

WHEREAS, on January 22, 2015, Networkfleet, Inc. ("Networkfleet") filed a Motion to Intervene and Partially Opposed Motion to Stay (the "Motion"), seeking to intervene on the grounds that (i) Networkfleet supplies the hardware and software behind the AssetWorks GPS Solution products; (ii) AssetWorks is merely a reseller of the AssetWorks GPS Solution products; and (iii) Networkfleet received a request from AssetWorks for indemnification in connection with PMI's claims against the AssetWorks GPS Solution products; and

WHEREAS, PMI and AssetWorks have agreed to dismissal of PMI's claims on the terms set forth below and as set forth in a Confidential Settlement Agreement effective as of April 20, 2015;

1

Case 3:17-cv-00295-JLS-BLM   Document 17-1   Filed 09/20/18   PageID.262   Page 28 of 74

Case 1:14-cv-00575-GMS-SRF   Document 47   Filed 05/27/15   Page 3 of 4 PageID #: 288
Case 1:14-cv-00575-GMS-SRF   Document 43   Filed 05/20/15   Page 2 of 3 PageID #: 276

IT IS HEREBY STIPULATED AND AGREED as follows:

1.    The claims by PMI against the AssetWorks GPS Solution products and all other products manufactured or supplied by Verizon Telematics, Inc. and/or Networkfleet, Inc. are hereby dismissed as to AssetWorks but without prejudice to PMI's rights to pursue claims of patent infringement based on AssetWorks GPS Solution products against Verizon Telematics, Inc., Networkfleet, Inc., and/or any third party.

2.    The claims by PMI against any AssetWorks products besides the AssetWorks GPS Solution are hereby dismissed with prejudice.

3.    The claims and/or counterclaims by AssetWorks against PMI are hereby dismissed without prejudice.

4.    Each party shall bear its own costs and attorneys' fees.  .

Dated:  May 20, 2015                    Respectfully submitted,


MORRIS, NICHOLS, ARSHT & TUNNELL        FARNAN LLP
LLP

By: /s/ Rodger D. Smith                 By: /s/ Brian E. Farnan
Rodger D. Smith (#3778)                 Brian E. Farnan (#4089)
1201 North Market Street, 16th Floor    919 North Market St., 12th Floor
Wilmington, DE 19801                    Wilmington, DE 19801
Tel. (302) 658-9200                     Tel. (302) 777-0300
Fax. (302) 658-3989                     Fax (302) 777-0301
rsmith@mnat.com                         bfarnan@farnanlaw.com

*Attorneys for AssetWorks*              Dmitriy Kheyfits (admitted *pro hac vice*)
                                        Michael James Maloney (admitted *pro hac vice*)
                                        Andrey Belenky (admitted *pro hac vice*)
                                        KHEYFITS & MALONEY LLP
                                        1140 Avenue of the Americas
                                        9th Floor
                                        New York, New York  10036
                                        Tel. (212) 203-5399
                                        Fax. (212) 203-6445
                                        dkheyfits@kheyfitsmaloney.com

2

mmaloney@kheyfitsmaloney.com
abelenky@kheyfitsmaloney.com

*Attorneys for PMI*

SO ORDERED, this ___ day of ___, 20__

_____
UNITED STATES DISTRICT JUDGE

3

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____ District of Delaware _____ on the following

☐ Trademarks or ☑ Patents.  ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED<br>5/1/2014 | U.S. DISTRICT COURT<br>District of Delaware |
|---|---|---|
| **PLAINTIFF**<br><br>Proximity Monitoring Innovations LLC | | **DEFENDANT**<br><br>Mercedes-Benz USA, LLC |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | US 6,958,701 B1 | 10/25/2005 | Proximity Monitoring Innovations LLC |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy

AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____District of Delaware_____ on the following

☐ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED<br>5/1/2014 | U.S. DISTRICT COURT<br>District of Delaware |
|---|---|---|
| **PLAINTIFF**<br><br>Proximity Monitoring Innovations LLC | | **DEFENDANT**<br><br>AssetWorks, Inc. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  US 6,958,701 B1 | 10/25/2005 | Proximity Monitoring Innovations LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| <br><br><br><br> |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

**Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy**

AO 120 (Rev. 08/10)

| TO:   Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____ District of Delaware _____ on the following

☐ Trademarks or   ☑ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. | DATE FILED<br>5/1/2014 | U.S. DISTRICT COURT<br>District of Delaware | |
|---|---|---|---|
| PLAINTIFF<br><br>Proximity Monitoring Innovations LLC | | DEFENDANT<br><br>Voxx Electronics Corp. (f/k/a Audiovox Electronics Corporation) and Voxx International Corporation | |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1   US 6,958,701 B1 | 10/25/2005 | Proximity Monitoring Innovations LLC |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY   ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| <br><br><br> |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

Trials@uspto.gov                                                    Paper 15
Tel: 571-272-7822                                      Entered: June 17, 2015

**PARTIES AND BOARD ONLY**

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

MERCEDES-BENZ USA, LLC,
DAIMLER NORTH AMERICA CORPORATION, and
DAIMLER AG,
Petitioner,

v.

PROXIMITY MONITORING INNOVATIONS LLC,
Patent Owner.

_____

Case IPR2015-00397
Patent 6,958,701 B1

_____

Before MICHAEL W. KIM, TRENTON A. WARD, and
JASON J. CHUNG, *Administrative Patent Judges*.

WARD, *Administrative Patent Judge*.

DECISION
Institution of *Inter Partes* Review
*37 C.F.R. § 42.108*

IPR2015-00397
Patent 6,958,701 B1                    **PARTIES AND BOARD ONLY**

## I. INTRODUCTION

### A. Background

Mercedes-Benz USA, LLC, Daimler North America Corporation, and Daimler AG (collectively "Petitioner") filed a Petition seeking to institute an *inter partes* review of claims 1–2 and 4–17 ("the challenged claims") of U.S. Patent No. 6,958,701 B1 (Ex. 1001, "the '701 patent") pursuant to 35 U.S.C. §§ 311–319.  Paper 1 ("Pet.").  Proximity Monitoring Innovations LLC ("Patent Owner") filed a Preliminary Response.  Paper 12 ("Prelim. Resp.").  We have jurisdiction under 35 U.S.C. § 314(a), which provides that an *inter partes* review may not be instituted "unless . . . there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."

Upon consideration of the Petition, Patent Owner's Preliminary Response, and the associated evidence, we conclude Petitioner has established a reasonable likelihood it would prevail with respect to at least one of the challenged claims.  Accordingly, for the reasons that follow, we institute an *inter partes* review.

### B. Additional Proceedings

Petitioner informs us that the '701 patent has been asserted in the following cases: *Proximity Monitoring Innovations LLC v. AssetWorks, Inc.*, No. 1.14-cv-0575 (D. Del.); *Proximity Monitoring Innovations LLC v. Mercedes-Benz USA, LLC*, No. 1.14-cv-0576 (D. Del.); *Proximity Monitoring Innovations LLC v. Voxx Elecs. Corp.*, No. 1.14-cv-0577, (D. Del.).  Pet. 3; Paper 4, 2.

2

IPR2015-00397
Patent 6,958,701 B1                                **PARTIES AND BOARD ONLY**

    *C. Real Parties-In-Interest*

    The America Invents Act ("AIA") is unequivocal: a petition for *inter partes* review "may be considered *only if*" it identifies all real parties-in-interest. 35 U.S.C. § 312(a)(2) (emphasis added). This identification must be made as part of a petitioner's mandatory notices, required to be filed as a part of the petition. 37 C.F.R. § 42.8(a)(1). Otherwise, we have held that correcting the identification of a real party-in-interest ("RPI") listed in a petition results in a loss of the petition's filing date, with a new filing date assigned as of the date the RPI identification is corrected. *See Askeladden LLC v. McGhie*, Case IPR2015-00122, slip op. at 15 (PTAB Mar. 6, 2015) (Paper 30). On March 20, we entered an Order on Motion to Amend the Mandatory Notice authorizing Mercedes-Benz USA, LLC ("Mercedes-Benz") to submit an amended mandatory notice to identify Daimler North America Corporation and Daimler AG as additional real parties-in-interest. Paper 9, 2. In that Order, we also stated that upon the filing of the updated mandatory notice, "a new filing date will be set as of the date the updated mandatory notice is filed." *Id.*[1] On March 20, 2015, Mercedes-Benz filed its amended mandatory notice identifying Daimler North America Corporation and Daimler AG as additional real parties-in-interest (Paper 10); thus, the Petition is accorded a filing date of March 20, 2015, in accordance with our Order on Motion to Amend the Mandatory Notice. Paper 9, 2.

    In the Order on Motion to Amend the Mandatory Notice, we extended the deadline for Patent Owner's Preliminary Response to April 16, 2015. *Id.*

---

[1] Petitioner Mercedes-Benz LLC previously agreed that a new filing date would need to be accorded to the Petitioner during a conference call with the Board. Paper 9, 2 (citing Conference Call Transcript, Ex. 1010, 7:18–23).

at 3. Patent Owner argues in its Preliminary Response that the Petition
should be dismissed because Petitioner still fails to identify all necessary real
parties-in-interest, namely Verizon Telematics, Inc. ("Verizon Telematics").
Prelim. Resp. 2–25. We analyze Patent Owner's RPI allegation below.

### 1. *Principles of Law*

"The Board relies on petitioner's identification of the RPI to
determine conflicts of interest for the Office, the credibility of evidence
presented in a proceeding, and standing of a party that previously has filed a
civil action involving a patent for which an [*inter partes* review] is
requested." *GEA Process Eng'g. Inc. v. Steuben Foods, Inc.*, Case IPR2014-
00041, slip op. at 24 (PTAB Feb. 11, 2015) (Paper 140). We have held that
the determination of whether a Petition identifies all RPIs is a "threshold
issue," on which Petitioner bears the burden of persuasion. *See Atlanta Gas
Light Co. v. Bennett Regulator Guards, Inc.*, Case IPR2013-00453, slip op.
at 7–8 (PTAB Jan. 6, 2015) (Paper 88).

Our Practice Guide explains that an RPI, as used in the AIA trial
context, "is the party that desires review of the patent. Thus, the 'real party-
in-interest' may be the petitioner itself, and/or it may be the party or parties
at whose behest the petition has been filed." Office Patent Trial Practice
Guide, 77 Fed. Reg. 48,756, 48,759 (Aug. 14, 2012). The determination of
whether a party is an RPI is a "highly fact-dependent question" (*id.*), in
which the focus is on the party's relationship to the *inter partes* review
pending before the Board, and the degree of control the party can exert over
the proceeding. *See Aruze Gaming Macau, Ltd. v. MGT Gaming, Inc.*, Case
IPR2014-01288, slip op. at 11 (PTAB Feb. 20, 2015) (Paper 13). "[I]f a
nonparty can influence a petitioner's actions in a proceeding before the

**PARTIES AND BOARD ONLY**

Board, to the degree that would be expected from a formal co-petitioner, that nonparty should be considered an RPI to the proceeding." *Id*. at 12.

The RPI determination is highly fact dependent and requires the Board to consider a totality of the evidence, including the relationship of the parties and any agreements between the parties. For example, "[t]he mere existence of an indemnification agreement [however] does not establish that the indemnitor has the opportunity to control an *inter partes* review." *Nissan North America, Inc. v. Diamond Coating Tech., LLC*, Case IPR2014-01546, slip. op. at 7 (PTAB Apr. 21, 2015) (determining that the existence of an indemnification agreement was not sufficient to establish that the unnamed parties were real parties-in-interest to the *inter partes* review proceeding).

### 2. *Analysis of Patent Owner's Allegation that Verizon Telematics is a Real Party-In-Interest*

In its Preliminary Response, Patent Owner provides an extensive history between Mercedes-Benz and Verizon Telematics, including numerous predecessors to Verizon Telematics. Prelim. Resp. 5–13. Patent Owner argues that Mercedes-Benz entered into a Telematics Services Agreement ("TSA") (Ex. 2002) and an Amended and Restated Telematics Services Agreement ("Restated TSA") (Ex. 2004) with Hughes Telematics, which later became Verizon Telematics, to provide telematics services to purchasers of automobiles sold by Mercedes-Benz. *Id*. at 5–6. Patent Owner argues that the TSA requires Verizon Telematics and Mercedes-Benz to share expenses incurred in connection with the telematics venture and to share revenues generated from subscription agreements. Prelim. Resp. 7 (citing Ex. 2002, §§ 2, 9 (pp.18–19, 21–22)). Additionally, Patent Owner argues that the Restated TSA provides for certain rights of indemnification

between Mercedes-Benz and Verizon Telematics for damages, expenses, and other costs arising from intellectual property matters (the "Indemnification Provisions"). Prelim. Resp. 9 (citing Ex. 2004, § 15 (pp. 27–32)).

Patent Owner argues that the "Indemnification Provisions set forth express rights granted to Verizon Telematics in the event that Petitioner elects to retain its own counsel in defense of intellectual property claims against the telematics venture[;]" including: (1) Verizon Telematics has control over Mercedes-Benz's choice of counsel, (2) Mercedes-Benz's counsel is required to cooperate with Verizon Telematics, (3) Mercedes-Benz's counsel is required to enter into a joint defense or similar arrangements, and (4) Mercedes-Benz may not settle, compromise, or consent to the entry of judgment without the consent of Verizon Telematics. Prelim. Resp. 17–18 (citing Ex. 2004, § 15(c) (p.31)). Patent Owner argues that these terms of the Indemnification Provisions provide Verizon Telematics with the right to exercise control over this *inter partes* review proceeding. Prelim. Resp. 17–19. Patent Owner further argues that control given to Verizon Telematics creates a legal relationship under the Supreme Court's decision in *Taylor v. Sturgell*, 553 U.S. 880 (2008), such that Mercedes-Benz is acting as the agent or proxy of Verizon Telematics and must have been named as real party-in-interest in this proceeding. Prelim. Resp. 17–19 (citing *Taylor*, 553 U.S. at 894 (a "party bound by a judgment may not avoid its preclusive force by relitigating through a proxy")).

Petitioner disagrees and argued in an email to the Board and the Patent Owner that "Verizon is not funding and has no direction or control over this proceeding or, for that matter, the co-pending district court case."

IPR2015-00397
Patent 6,958,701 B1                    **PARTIES AND BOARD ONLY**

Ex. 2013, 1. Additionally, Petitioner states that Mercedes-Benz "has not tendered any indemnification notice to Verizon" with respect to the District Court litigation against Mercedes-Benz, and, in fact, Verizon moved to intervene in the District Court case against Assetworks LLC, but Verizon did not move to intervene the District Court case against Mercedes-Benz. *Id.*

Upon review of the Indemnification Provisions of the Restated TSA, we are not persuaded that Patent Owner has sufficiently established that Verizon Telematics does in fact have the benefits of all of the contractual rights in the Indemnification Provisions identified above by Patent Owner. *See* Ex. 2004, 27–32. Section 15(c) of Restated TSA provides the "Indemnification Procedure" and states:

> [w]henever a claim arises for indemnification under this Section 15, the Person entitled to indemnification (the "Indemnified Party") will promptly notify the Party from which indemnification is sought (the "Indemnifying Party") of such claim . . . . *Following receipt of notice of a claim by a third party* . . . the Indemnifying Party will have the option, at its cost and expense, to assume the defense of such matter and to retain counsel to defend any such claim . . . . *The Indemnified Party will have the option of joining the defense of such claim* (which will be at the sole cost and expense of the Indemnified Party) with counsel not reasonably objected to by the Indemnifying Party and counsel will . . . cooperate with the other Party and any counsel designated by that Party. In effecting the settlement or compromise of, of consenting to the entry of any judgment with respect to, *any such claim*, the Indemnifying Party, or the Indemnified Party, as the case may be, will act in good faith, will consult with the other Party and will enter into only such settlement or compromise or consent to the entry of judgment as the other Party will consent, such consent not to be unreasonably withheld, conditioned or delayed.

Ex. 2004, § 15 (pp. 44–45) (emphases added).  In view of the language of
the Indemnification Provisions, the Restated TSA provides that Indemnified
Party must provide "*notice of a claim by a third party*" to invoke the
"Indemnification Procedure." *Id.* (emphasis added).  Once the
"Indemnification Procedure" has been invoked, the "Indemnified Party will
have the option of *joining the defense* of such claim," thereby conveying the
enumerated contractual rights to the "Indemnifying Party," such as the
ability to object to counsel and the obligation to cooperate.  *Id.* (emphasis
added).  The phrase "joining the defense" set forth in the "Indemnification
Procedure" indicates that the Indemnified Party is joining to the defense
being conducted by the Indemnifying Party as invoked under the
"Indemnification Procedure," not that the potentially Indemnified Party is
conducting its own solo defense.  *Id.*  Accordingly, Mercedes-Benz would
need to invoke the "Indemnification Procedure," obtain the benefits of
indemnification by Verizon Telematics afforded under the Restated TSA,
and then Mercedes-Benz, the Indemnified Party, would need to elect the
"option of joining the defense" to convey the enumerated contractual rights
to Verizon Telematics, the Indemnifying Party.  *See* Ex. 2004, § 15(c),
"Indemnification Procedure" (pp. 44–45).  In short, until Mercedes-Benz has
invoked indemnification, Verizon Telematics does not have the rights
provided by the Indemnification Provision over Mercedes-Benz.  *See id.*
Based on the record before us, there is no evidence that Mercedes-Benz has
invoked indemnification, as the only relevant facts of record to that end are
Mercedes-Benz's statements that it has not invoked indemnification and that
"Verizon is not funding and has no direction or control over this
proceeding." Ex. 2013, 1.

Based on the record before us, we determine that Verizon Telematics is not a real-party-in-interest to this proceeding. The mere existence of an indemnification agreement does not establish that the indemnitor has the opportunity to control an *inter partes* review, especially where, as here, the agreement permits the indemnitee discretion over whether the indemnitors must defend against patent infringement allegations. Furthermore, based on the record before us, Patent Owner has not established that Verizon Telematics has the ability to control the present proceeding to the degree that would be expected from a formal copetitioner. As such, we are not persuaded that Verizon Telematics is an RPI to this proceeding, and the fact that the Petition does not identify this party does not prevent the Board from considering Petitioner's grounds of unpatentability.

### D. The '701 Patent

The '701 patent is titled "Transportation Monitoring System for Detecting The Approach of a Specific Vehicle" and generally relates to a system that includes a receiver to detect the transmission of signals and, responsive to the reception, to check for a code that identifies a particular vehicle of interest. Ex. 1001, Abstract. The challenged claims relate to systems for detecting the approach of a vehicle and a means for alerting a person to the proximity of a transmitter. Claim 1 is reproduced below:

1. A system for detecting the approach of a vehicle, comprising:

a vehicle transmitter which operatively transmits at least one code beyond said vehicle transmitter;

a code generator that generates a representative code selected from a plurality of codes which is representative of said vehicle transmitter and discernable from others of said plurality of codes, said code generator operatively coupled to said vehicle

transmitter to couple said representative code to said vehicle transmitter for transmission of a signal therefrom;

a receiver remote from said vehicle transmitter having a signal receiver operatively monitoring transmitted signals from said vehicle transmitter at a signal strength at said receiver of at least a first threshold and having a code demodulator responsive to said signal receiver extracting said representative code from said signal;

a code detector comparing said representative code to at least one user-selected code and generating an indication of identity therewith; and

a lock-out for preventing said generation of indication of identity with said at least one user-selected code.

The '701 patent describes an embodiment in which system 10 detects the approach of vehicle 15, and system 100 includes transmitter unit 100 and receiver 200. Ex. 1001, 4:33–35, 5:27–28. Figure 1 of the '701 patent, reproduced below, illustrates system 10 having transmitter unit 100 and receiver 200:

IPR2015-00397
Patent 6,958,701 B1                                    **PARTIES AND BOARD ONLY**



FIG. 1

As shown above in Figure 1, the '701 patent discloses a bus, transit vehicle

15, having transmitter 100 for generating a signal, i.e., radio waves 17. *Id.* at

4:57–5:9. Additionally, as shown above in Figure 1, radio waves 17 are

received by receiver 200 located in shelter 30 housing passenger 40. *Id.* at

5:1–20. Transmitter 100 generates a signal within range of reception of

receiver 200, which "will in turn trigger receiver 200 to notify passenger

40." *Id.* at 5:8–11. "Most preferably, the notification will be sufficiently

advanced to permit passenger 40 to reach boarding site 25 at the same time

or just slightly before transit vehicle 15." *Id.* at 5:17–20. Additionally, the

'701 patent discloses that system 100 can use microprocessor 220 to nullify

an active alarm and "provide a lock-out for a pre-determined or

programmable time period." *Id.* at 7:54–58. For example, in one

embodiment the '701 patent describes that transit vehicle 15 may take a

11

IPR2015-00397
Patent 6,958,701 B1                    PARTIES AND BOARD ONLY

serpentine path through a region, which might cause prior art distant-based
systems to falsely activate each time the transit vehicle gets close to a
receiver, but the disclosed lock-out feature allows for system 100 to prevent
an alarm for a pre-determined time. *Id.* 7:49–58.

### E. The Asserted Grounds of Unpatentability

Petitioner challenges the patentability of claims 1–2 and 4–17 of the
'701 patent based on the following grounds:

| References | Basis | Claim(s) Challenged |
|---|---|---|
| Porter[2] alone or in view of Dulaney[3] | §§ 102 & 103 | 1–2, 4–5, 10–14, and 16 |
| Porter (alone or as modified by Dulaney) in view of Brei[4] | § 103 | 5–9 and 15 |
| Porter (alone or as modified by Dulaney) in view of Sadamori[5] | § 103 | 17 |
| Winkler[6] alone or in view of Dulaney | §§ 102 & 103 | 1–2, 4–5, 10–14, and 16 |
| Winkler (alone or as modified by Dulaney) in view of Brei | § 103 | 5–9 and 15 |
| Winkler (alone or as modified by Dulaney) in view of Sadamori | § 103 | 17 |

---

[2] US Patent No. 6,714,142 B2, filed Dec. 31, 2001 (Ex. 1003) ("Porter").
[3] PCT International Publication WO 93/13503, pub. July 8, 1993 (Ex. 1005)
("Dulaney").
[4] US Patent No. 6,636,160 B2, filed June 19, 2001 (Ex. 1006) ("Brei").
[5] US Patent No. 5,311,172, filed Dec. 18, 1990 (Ex. 1007) ("Sadamori").
[6] US Patent No. 6,700,506 B1, filed Sept. 14, 2000 (Ex. 1004) ("Winkler").

12

IPR2015-00397
Patent 6,958,701 B1                    **PARTIES AND BOARD ONLY**

## II.   ANALYSIS

### A. Claim Construction

Consistent with the statute and the legislative history of the Leahy-Smith America Invents Act,[7] the Board will interpret claims of an unexpired patent using the broadest reasonable construction in light of the Specification of the patent. *See* 37 C.F.R. § 42.100(b); *In re Cuozzo Speed Techs., LLC*, 778 F.3d 1271, 1279–83 (Fed. Cir. 2015).

### 1. *"a lock-out for preventing said generation of indication of identity with said at least one user-selected code"*

Claim 1 recites "a lock-out for preventing said generation of indication of identity with said at least one user-selected code" (the "'lock-out' limitation"). Petitioner argues that the '701 patent Specification describes the "lock-out" feature as using a microprocessor in the receiver to "provide a lock-out for a pre-determined or programmable time period." Pet. 8 (quoting Ex. 1001, 7:54–58). Furthermore, Petitioner argues that the '701 patent Specification describes that, with the lock-out feature, the user can "temporarily disable detection of a specific vehicle code." Pet. 8–9 (quoting Ex. 1001, 8:33–41). Accordingly, Petitioner argues that, under the broadest reasonable interpretation, the "lock-out" limitation term should be construed as "wherein said receiver can prevent the triggering of an undesired alert."

Patent Owner argues that Petitioner's construction is unreasonably broad, because it omits the time-based characteristics of the "lock-out" present in every embodiment of the invention and ignores that the "lock-out" applies to a specific vehicle, as opposed to all vehicles. Prelim. Resp. 31.

---

[7] Pub. L. No. 112-29, 125 Stat. 284 (2011).

IPR2015-00397
Patent 6,958,701 B1                    **PARTIES AND BOARD ONLY**

Patent Owner argues that "a lock-out for preventing said generation of indication of identity with said at least one user-selected code" should be construed as "wherein said receiver can prevent the triggering of a user-selected alert associated with a specific vehicle or vehicle transmitter for a pre-determined or programmable time period." *Id.* at 30.

We are not persuaded that either party has provided the broadest reasonable interpretation of the claim limitation. Both parties propose a construction that includes "said receiver" when the claim limitation does not include a recitation of "said receiver," but merely "a lock-out." Thus, when "said receiver" is omitted from Petitioner's construction, we are unpersuaded that the remaining terms differ materially from the claim limitation, as written. Furthermore, the plain and ordinary meaning of the term "preventing said generation of indication of identity" does not necessarily require either an association with a specific vehicle, or vehicle transmitter for a pre-determined or programmable time period, as proposed by Patent Owner. *See* Prelim. Resp. 30. Claim 1 does require, however, that "preventing *said generation*" be related to the previous claim limitation reciting "generating an indication of identity therewith." Accordingly, for purposes of this decision, we are unpersuaded that either party's modification is necessary, and thus we construe the broadest reasonable interpretation of "a lock-out for preventing said generation of indication of identity with said at least one user-selected code" according to its plain and ordinary meaning.

14

**PARTIES AND BOARD ONLY**

2. *"a means within said receiver for comparing said code to a
     plurality of stored values and responsive to a match therewith
     generating a signal indicative of a match"*

Claim 10 recites "means within said receiver for comparing said code

to a plurality of stored values." As an initial matter, on this record, we are

persuaded that this is a means-plus-function limitation because the term

"means" is modified by functional language, and the term "means" is not

modified by sufficient structure recited in the claim to perform the recited

function(s). Consequently, this means-plus-function limitation requires

construction under 35 U.S.C. § 112 ¶ 6.[8]

When construing a means-plus-function limitation under § 112 ¶ 6,

we first must identify the claimed function, and then we look to the

specification to identify the corresponding structure that actually performs

the claimed function. *Med. Instrumentation & Diagnostics Corp. v. Elekta

AB*, 344 F.3d 1205, 1210 (Fed. Cir. 2003); *Cardiac Pacemakers, Inc. v. St.

Jude Med., Inc.*, 296 F.3d 1106, 1119 (Fed. Cir. 2002). With respect to the

second step, "structure disclosed in the specification is 'corresponding'

structure only if the specification or prosecution history clearly links or

associates that structure to the function recited in the claim." *Golight, Inc. v.

Wal-Mart Stores Inc.*, 355 F.3d 1327, 1334 (Fed. Cir. 2004) (citations and

quotation marks omitted). If the specification fails to provide sufficient

structure, the means-plus-function limitation is indefinite under 35 U.S.C.

---

[8] Section 4(c) of the Leahy-Smith America Invents Act, Pub. L. No. 112–
29, 125 Stat. 284 (2011) ("AIA") re-designated 35 U.S.C. §112, ¶ 6, as 35
U.S.C. § 112(f). Because the '701 patent has a filing date prior to
September 16, 2012, the effective date of § 4(c) of the AIA, we refer to the
pre-AIA version of 35 U.S.C. § 112.

15

IPR2015-00397
Patent 6,958,701 B1                        PARTIES AND BOARD ONLY

§ 112 ¶ 2; *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 521 F.3d
1328, 1333 (Fed. Cir. 2008).

The parties agree that the function of this means-plus-function clause
is "comparing said code to a plurality of stored values responsive to a match
therewith triggering an alarm or an alert." Pet. 9, Prelim. Resp. 31.
Petitioner argues that the corresponding structure for performing such a
function is microprocessor 220 and alarm 280 of receiver 200. Pet. 9.
Patent Owner disagrees with Petitioner's identification of the corresponding
structure, and argues that the function is not limited to an "audio alarm 280,"
as the alerts can be audible or visual. Prelim. Resp. 31–32 (citing Ex. 1001,
5:1–2, 11–14). We agree with Patent Owner. The '701 patent Specification
discloses both a "first visual alarm" and a "subsequent audible alarm."
Ex. 1001, 5:14–15. Furthermore, the '701 patent Specification discloses that
"human-understandable output is provided through display 270 and audio
alarm 280." *Id.* at 7:9–10. Therefore, for purposes of this decision, we
determine that the function of this means-plus-function clause is "comparing
said code to a plurality of stored values responsive to a match therewith
triggering an alarm or an alert" and the corresponding structure is
microprocessor 220 with audio alarm 280 and/or display 270.

   3.  *"a means to prevent at least one of said plurality of stored
       values from being included in said match signal generating"*

Claim 10 also recites "a means to prevent at least one of said plurality
of stored values from being included in said match signal generating."
Petitioner argues that the function of this means-plus-function clause is to
prevent the system from triggering an undesired alert and that the structure
in the '701 patent Specification identifies a microprocessor 220 to perform
such function. Pet. 10 (citing Ex. 1001, 7:54–58). Accordingly, Petitioner

16

IPR2015-00397
Patent 6,958,701 B1                    PARTIES AND BOARD ONLY

argues that that the function of this means-plus-function clause should be
construed as "preventing the triggering of an undesired alarm or alert," and
that the corresponding structure for performing such a function is
microprocessor 220. Pet. 10.

Patent Owner argues that the function of this means-plus-function
clause should be construed as "to prevent the triggering of a user-selected
alert associated with a specific vehicle or vehicle transmitter for a pre-
determined or programmable time period." Prelim. Resp. 33. As with the
construction of the "lock-out" limitation in claim 1, we determine that the
means-plus-function clause "means to prevent at least one of said plurality
of stored values from being included in said match signal generating" does
not necessarily require either a specific vehicle or a pre-determined or
programmable time period, as proposed by Patent Owner. Patent Owner
agrees with Petitioner that the corresponding structure for this means-plus-
function clause is microprocessor 220 in receiver 200. *Id.* at 34 (citing Ex.
1001, Fig. 2, 6:57–67, 7:1–17, and 7:42–63). Therefore, for purposes of this
decision, we determine that the function of this means-plus-function clause
is the recited function and that the corresponding structure is
microprocessor 220.

4.  *"means for detecting the elapse of a time interval, and,*
*responsive thereto, disabling said preventing means."*

Claim 13 recites "a means for detecting the elapse of a time interval,
and, responsive thereto, disabling said preventing means." Petitioner argues
that the function of this means-plus-function clause is the recited function.
Pet. 11. Specifically, Petitioner argues that claim 13 adds that the "lock-out"
feature will be disabled after a certain period, such that the system will again
trigger alerts. Pet. 11. Petitioner further argues that the function of this

17

IPR2015-00397
Patent 6,958,701 B1                          **PARTIES AND BOARD ONLY**

means-plus-function clause should be construed as the recited function and
that the corresponding structure is the microprocessor 220.  Pet. 11.
Patent Owner does not address this means-plus-function clause.  On this
record, we agree with Petitioner's proposed construction and the
corresponding structure and adopt it for purposes of this decision.

> 5.  *"a means for detecting a transmission collision and re-*
> *transmitting said common transmission signal responsive*
> *thereto"*

Claim 17 recites "a means for detecting a transmission collision and
re-transmitting said common transmission signal responsive thereto."
Petitioner argues the '701 patent specification provides no disclosure
regarding this term, other than stating "[w]here necessitated, RF collision
detection and avoidance may also be incorporated."  Pet. 11 (citing Ex.
1001, 3:59–61).  Petitioner also argues that the '701 patent fails to disclose
corresponding structure for performing the recited function.  Pet. 11.  We
disagree.  As cited by Petitioner, the '701 patent Specification discloses RF
collision detection to be performed by microprocessor 120 of
transmitter 100.  Ex. 1001, 3:59–61, 5:38–41.  For purposes of this decision,
we determine that the function of this means-plus-function clause should be
construed as the recited function and that the corresponding structure is
microprocessor 120.

### B. *Level of Ordinary Skill in the Art*

According to Petitioner's declarant, Mr. Scott Andrews, a person of
ordinary skill in the art relevant to the '701 patent would have "a Bachelor
of Science degree in electrical engineering or a comparable field" or have
obtained this level of skill with training or several years of work experience
with intelligent transportation systems.  Scott Andrews Decl., Ex. 1008 ¶ 27.

IPR2015-00397
Patent 6,958,701 B1                    **PARTIES AND BOARD ONLY**

Patent Owner does not offer, at this time, any contrary explanation regarding who would qualify as a person of ordinary skill in the art relevant to the '701 patent. Based on our review of the '701 patent, the types of problems and solutions described in the '701 patent and cited prior art, and the testimony of Petitioner's Declarant, we adopt, for purposes of this decision, Petitioner's definition of a person of ordinary skill in the art at the time of the claimed invention. Based on the stated qualifications of Mr. Andrews (Ex. 1008 ¶¶ 4–21), Petitioner's Declarant meets the requirements of this definition. We note that the applied prior art also reflects the appropriate level of skill at the time of the claimed invention. *See Okajima v. Bourdeau*, 261 F.3d 1350, 1355 (Fed. Cir. 2001).

> C. *Asserted Anticipation Based on Porter and Obviousness Based on Porter in View of Dulaney*

> 1. *Overview of Porter*

Porter is titled "Proximity Signaling System and Method" and discloses a flexible proximity signaling system and method particularly suited for use in providing early warning of the approach of a bus or vehicle. Ex. 1003, 1:29–52. Figure 1 from Porter illustrates the proximity signaling system, and is reproduced below:

19



FIG. 1

As shown above in Figure 1 from Porter, proximity signaling system 20 includes transmitter 22 and receiver 24 "for alerting a user 28 waiting at a location 30 when a bus 26 approaches a boarding stop 32." *Id.* at 3:13–20. Transmitter 22 generates an RF signal with a designated receiver address. *Id.* at 3:21–25. Receiver 24 receives and verifies the transmitted RF signals from transmitters 22 within range, displays the gradual proximity of transmitter 22 to receiver 24, and notifies user 28 of a desired vehicle's pending arrival when the signal reaches a predetermined strength. *Id.* at 4:16–22. The proximity alerts can be visual signals or audio signals. *Id.* at 5:5–9. Porter discloses that the proximity alerts can be generated by voice chip 94, which is activated when a signal having the desired receiver address reaches a desired signal strength. *Id.* at 5:36–37.

20

> Once activated, the voice chip 94 may be deactivated in any
> number of ways. For example, the voice chip 94 may play the
> message once or any preset number of times, the voice chip 94
> may repeat the message until the signal strength falls below a
> desired value, the voice chip 94 may repeat the message for a
> preset time period, or the voice chip 94 may repeat the message
> until manually deactivated.

*Id.* at 5:38–44.

### 2. Overview of Dulaney

Dulaney is titled "Commuter Notification System for Mass Transit

Applications" and describes a commuter notification system for alerting the

commuter of the arrival of the transit vehicle at a preselected transit

destination. Ex. 1005, Abstract. Figure 2 from Dulaney illustrates the

commuter notification system, and is reproduced below:



*FIG. 2*

As shown above in Figure 2 from Dulaney, commuter notification system 10

includes transmitters 18 and 20 at fixed distances from destination station

22. *Id.* at 5:32–36. Transmitters 18 and 20 transmit notification signals

identifying transit destinations 22 and notification receivers 40, carried by

commuter and responsive to the transmitted notification signals, to alert the

commuter of the arrival of transit vehicle 26. *Id.* at Abstract. Dulaney

**PARTIES AND BOARD ONLY**

discloses that the receiver provides a "lockout timer" to prevent multiple alerts from being generated for the commuter. *Id.* at 14:24–28.

> The lockout timer insures that once the predetermined destination address is detected, no further detection of the same destination address is allowed for the duration of the lockout time, thereby preventing multiple alerts from being generated, should the commuter remain within range of the notification transmitter during the predetermined time interval.

*Id.* at 14:28–35.

### 3. Analysis

Petitioner argues that claims 1–2, 4–5, 10–14, and 16 are anticipated by Porter or would have been obvious in view of Porter in combination with Dulaney. Pet. 4–26. In support of these asserted grounds of unpatentability, Petitioner provides its arguments and proffers a Declaration of Mr. Andrews to support its contentions. Pet. 4–26; Ex. 1008.

### a. Asserted Anticipation Based on Porter

The Petition provides arguments with respect to this proposed ground for each of claims 1–2, 4–5, 10–14, and 16. Pet. 4–26. We begin with a summary of Petitioner's challenge to the elements of claim 1 and then address Patent Owner's arguments against this challenge.

Petitioner's challenges to the limitations of claim 1 based on the Porter can be summarized as follows: "a vehicle transmitter which transmits at least one code" (Porter's vehicle transmitter 22 sending a signal to remote receivers 24 (Pet. 13–15)), "a code generator that generates a representative code selected from a plurality of codes" (Porter's data input device 36 that generates a selected receiver address in binary code (Pet. 15–16)), "a receiver remote from said vehicle transmitter" (Porter's receiver 24 (Pet. 16–18)), "a code detector comparing said representative code to at least one

**PARTIES AND BOARD ONLY**

user-selected code" (Porter's microcontroller decoder 78, which decodes the
signal and compares the receiver address of the signal to one or more
selected receiver addresses for a match (Pet. 19–20)) "a lock-out for
preventing said generation of indication of identity with said at least one
user-selected code" (Porter's "voice chip 94 may play the message once or
any preset number of times [or] the voice chip 94 may repeat the message
for a preset time period" (Pet. 21 (quoting Ex. 1003, 5:36–44))). Pet. 21–22
(Ex. 1008 ¶ 43).

Patent Owner argues that Porter does not disclose "a lock-out for
preventing said generation of indication of identity with said at least one
user-selected code," as recited in claim 1. Prelim. Resp. 38–40.
Specifically, Patent Owner argues that Porter simply discloses that voice
chip 94, activated by an approaching bus, may be configured to stop playing
a message after a preset number of times. Prelim. Resp. 39. Patent Owner
argues that Porter simply deactivates an already active voice chip, as
opposed to "preventing" the generation of alerts, as required by claim 1. *Id.*
We agree. Petitioner relies upon disclosure from Porter that states "[o]nce
activated, *the voice chip 94 may be deactivated* in any number of ways,"
including playing the message once, a preset number of times, or playing the
message until signal strength falls below a desired value. Pet. 22 (quoting
Ex. 1003, 5:36–44) (emphasis added). As discussed above, for purposes of
this decision, we construe "a lock-out for preventing said generation of
indication of identity with said at least one user-selected code" according to
its plain an ordinary meaning. Therefore, to anticipate this claim element,
Porter must disclose actively *preventing* the generation of an indication of
identity *before* it occurs, but the cited disclosure from Porter discloses only

**PARTIES AND BOARD ONLY**

passively *deactivating after* the initial generating an indication of identity

has occurred.  Petitioner's declarant, Mr. Andrews, testifies that Porter

discloses the prevention of the generation of another alert if a further match

is detected (Ex. 1008 ¶ 59), but Mr. Andrews fails to provide any additional

disclosure from Porter to support his statement.  Accordingly, we are not

persuaded that Porter discloses the "lock-out" limitation recited in claim 1.

Petitioner alternatively argues that Porter discloses the "lock-out"

limitation by disclosing that the user can adjust the sensitivity of the receiver

to activate only when the received signal reaches a desired signal strength.

Pet. 21 (citing Ex. 1003, 5:36–37; Ex. 1008 ¶ 60).  Petitioner argues that

adjusting the sensitivity amounts to a "lock-out" until the signal reaches a

selected strength.  Pet. 22.  Patent Owner counters that Porter's disclosure of

adjusting the sensitivity of the receivers does not amount to a lock-out for

preventing the generation of identity.  Prelim. Resp. 40.  We agree that those

features are not technically analogous.  Specifically, we are not persuaded by

Petitioner that adjusting sensitivity meets the claimed limitation regarding

preventing the generation of identity.

Based on the record before us, we determine that Petitioner fails to

demonstrate a reasonable likelihood of prevailing on its challenge that

independent claim 1, or claims 2 and 4–5 dependent therefrom, are

anticipated by Porter.  Similar to claim 1, claim 10 recites "a means to

prevent at least one of said plurality of stored values from being included in

said match signal generating," for which we construed the function above as

"preventing the triggering of an undesired alarm or alert."  Similar to

claim 1, we are not persuaded by Petitioner's arguments that Porter discloses

"preventing the triggering of an undesired alarm or alert."  Based on the

**PARTIES AND BOARD ONLY**

record before us, we determine that Petitioner fails to demonstrate a reasonable likelihood of prevailing on its challenge that independent claim 10, or claims 11–14 and 16 dependent therefrom, are anticipated by Porter.

### b. Asserted Obviousness Based on Porter and Dulaney

Petitioner alternatively challenges that claims 1–2, 4–5, 10–14, and 16 would have been obvious over Porter and Dulaney. Pet. 12–26. Petitioner argues that the "lock-out" limitation in claim 1 would have been obvious in view of a combination of Porter with the "lock out" timer disclosed in Dulaney. Pet. 23–24. Petitioner argues that Dulaney discloses a "lock out timer" for "inhibiting the further generation of sensible alerts" and a person of ordinary skill in the art would have combined this "lock out timer" with the Porter receiver to ensure it did not generate unwanted alerts for a user for a predetermined time interval. Pet. 23–24 (citing Ex. 1005, 14:24–25, 20:35–37; Ex. 1008 ¶¶ 61–62). Unlike Petitioner's arguments for Porter alone, we are sufficiently persuaded, for purposes of this decision, that Dulaney teaches "preventing said generation of indication of identity," and not just deactivating an already active alarm. Specifically, the cited portions of Dulaney state that "[t]he lockout timer insures that once the predetermined destination address is detected, no further detection of the same destination address is allowed for the duration of the lockout time, thereby *preventing multiple alerts from being generated*." Ex. 1005, 14:28–33. Thus, Dulaney discloses more than just passively deactivating an alert; it discloses actively preventing an alert.

Patent Owner argues that a person of ordinary skill in the art would not have combined Dulaney with Porter because Dulaney relies on mobile receivers and Porter relies upon immobile receivers. Prelim. Resp. 55.

IPR2015-00397
Patent 6,958,701 B1                          **PARTIES AND BOARD ONLY**

Patent Owner fails to identify, however, how the mobility of the receivers in Dulaney would affect the combination of the "lock out timer" disclosed in Dulaney with the receivers in Porter. The obviousness inquiry does not ask "whether the references could be physically combined but whether the claimed inventions are rendered obvious by the teachings of the prior art as a whole." *In re Etter*, 756 F.2d 852, 859 (Fed. Cir. 1985) (en banc). "The test for obviousness is not whether the features of a secondary reference may be bodily incorporated into the structure of the primary reference . . . ." *In re Keller*, 642 F.2d 413, 425 (CCPA 1981); *In re Mouttet*, 686 F.3d 1322, 1332 (Fed. Cir. 2012). As set forth by Petitioner, both references are related to transit notification systems and are concerned with users receiving unwanted alerts. Pet. 23. Accordingly, we are not persuaded that Porter and Dulaney are an improper combination.

We have reviewed Petitioner's analysis and supporting evidence regarding the proposed ground of obviousness based on Porter and Dulaney. On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claims 1–2, 4–5, 10–14, and 16 of the '701 patent would have been obvious in view of Porter and Dulaney.

26

**PARTIES AND BOARD ONLY**

> ### D. Asserted Obviousness of Claims 5–9 and 15 Based on Porter, Dulaney, and Brei[9]
>
> #### 1. Overview of Brei

Brei is titled "Transit Information Display System" and discloses a transmit information display communication system having an information display. Ex. 1006, Abstract. Transit information system 100 includes radio frequency receivers to receive transmissions to be presented on displays or signs 160. *Id.* at 2:44–56. Brei discloses that system 100 transmits data packets and, for each data packet, a "Msg_Header" can be included as the first 4 bytes of the packet. *Id.* at 6:50–52, 7:40–8:55.

> #### 2. Analysis

Claim 5 is dependent from claim 1 and adds the following limitation: "wherein said code generator further generates a header within said at least one code." Petitioner argues that Porter discloses adding a "header" to the data packet comprising the code. Pet. 25 (citing Ex. 1003, 3:38–47). In fact, Porter discloses that the output of the encoder 38 is divided into data packets and "headers 52 and 54 (FIG. 3) may be used." Ex. 1003, 3:38–43. Mr. Andrews states that headers disclosed in Porter are the same as the "fixed header" described as being added to the data packet including the code in the '701 patent. Ex. 1008 ¶¶ 71–72. Furthermore, Petitioner argues that Brei teaches using headers at the beginning of each message to provide

---

[9] Petitioner's table of asserted grounds identifies the challenge to claims 5–9 and 15 as based on "Porter (alone or as modified by Dulaney), in view of Brei." Pet. 4. The body of Petition identifies this challenge to claims 5–9 and 15 differently. For example, with respect to claim 5, the Petition states that "Porter Anticipates or Renders Obvious Claim 5, Either Alone or In View of Brei." Pet. 25. For purposes of this decision, we will consider the challenge to claims 5–9 and 15 as stated in the table of asserted grounds.

IPR2015-00397
Patent 6,958,701 B1                    **PARTIES AND BOARD ONLY**

control information about the message. Pet. 26 (citing Ex. 1006, 6:50–52, 7:40–8:55). Petitioner also argues that a person of ordinary skill in the art would have combined Brei's headers with Porter to enable the transmitters in Porter to provide control-related information to the receivers. Pet. 26 (citing Ex. 1008 ¶ 74). ). On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claim 5 of the '701 patent would have been obvious in view of Porter and Brei.

Claims 6–9 depend from claim 5 and provide further limitations regarding the "header" recited in claim 5. Claim 15 depends from claim 10 and is similar to claim 5 in the recitation of a code including a "header." Petitioner argues that the disclosures in Porter and Brei render the additional limitations set forth in these dependent claims obvious. Pet. 26–28, 36–37. We have reviewed Petitioner's analysis and supporting evidence regarding the proposed ground of obviousness based on Porter, Dulaney, and Brei. On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claims 6–9 and 15 of the '701 patent would have been obvious in view of Porter, Dulaney, and Brei.

**PARTIES AND BOARD ONLY**

   *E. Asserted Obviousness of Claim 17 Based on Porter, Dulaney, and Sadamori[10]*

   *1. Overview of Sadamori*

Sadamori is titled "Communication Control System" and discloses a communication system including multiple communication stations that communicate with each other over a communication channel. Ex. 1007, Abstract. Communication station 4 includes collision detecting unit 9 that detects a collision of a transmitting frame on communication channel 3 and activates an after-collision restoring unit 10 to send out a direction of retransmission. *Id.* at 4:47–62.

   *2. Analysis*

Claim 17 is dependent from claim 10 and adds the following limitation: "a means for detecting a transmission collision and re-transmitting said common transmission signal responsive thereto." As stated above, for purposes of this decision, we determine that the function of this means-plus-function clause should be construed as the recited function. Petitioner argues that Sadamori discloses a collision detecting unit that detects a collision of transmission data and causes the retransmission of data bringing about the collision. Pet. 38 (citing Ex. 1007, 4:37–5:6). Petitioner also argues that a person of ordinary skill in the art would have combined the teachings of the communication systems in Sadamori with the

---

[10] Similar to the previous challenge involving Brei as discussed above, Petitioner's table of asserted grounds identifies a challenge to claim 17 based on "Porter (alone or as modified by Dulaney), in view of Sadamori." Pet. 4. The body of the Petition, however, identifies this challenge to claim 17 as "Porter In View of Sadamori Renders Obvious Claim 17." Pet. 38. For purposes of this decision, we will consider the challenge to claim 17 as stated in the table of asserted grounds.

IPR2015-00397
Patent 6,958,701 B1                           **PARTIES AND BOARD ONLY**

communication systems in Porter to add a well-known feature to ensure that the Porter receivers properly received signals from all transmitters of interest.  Pet. 38–39 (citing Ex. 1008 ¶ 114).[11]

We have reviewed Petitioner's analysis and supporting evidence regarding the proposed ground of obviousness based on Porter, Dulaney, and Sadamori.  On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claim 17 of the '701 patent would have been obvious in view of Porter, Dulaney, and Sadamori.

> *F. Asserted Anticipation Based on Winkler and Obviousness Based on Winkler in View of Dulaney*
>
> *1. Overview of Winkler*

Winkler is titled "Bus Arrival Notification System and Methods Related Thereto" and discloses vehicle arrival notification system that will enable passengers to know the precise location and arrival time of the transporting vehicle several minutes before its arrival.  Ex. 1004, 4:10–13.  Figure 1 from Winkler illustrates the vehicle arrival notification system, and is reproduced below:

---

[11] We note that there appears to be a typo in the Petition, as Winkler is referenced at the bottom of page 38.  Pet. 38–39.  The cited portions of Mr. Andrews testimony, however, correctly refer to the Porter reference.  *See* Ex. 1008 ¶ 114.

**PARTIES AND BOARD ONLY**



As shown above in Figure 1 from Winkler, vehicle arrival notification system 100 includes transmission apparatus 160 and receiving units 120, in houses and schools, located along a vehicle route to provide an alert of an approaching vehicle in advance of its arrival at a specified point on the vehicle route. *Id*. at 6:24–32. Transmission apparatus 160 transmits an RF signal that includes the vehicle identification and location information. *Id*. at 6:33–35.

Winkler also discloses that receiving unit 120 includes a learn function that enables the receiver to acquire information about a specified vehicle. *Id*. at 8:43–45. "Actuating the learn button or switch 124 when the correct vehicle is approaching a specified vehicle stop causes the receiving unit CPU 122 to acquire vehicle identification information from the strongest received RF signal and to store this vehicle identification

31

**PARTIES AND BOARD ONLY**

information in the receiving unit memory means." *Id.* at 8:45–51.
Additionally, Winkler discloses that system 100 provides a directional shield
to increase notification accuracy for vehicle arrival. *Id.* at 9:1–3. A
direction of travel parameter is included in the transmitted RF signal from a
bus, such that the receiving unit alert mechanism is only triggered when the
bus is traveling the desired direction. *Id.* at 9:19–24.

   2. *Analysis*

   Petitioner argues that claims 1–2, 4–5, 10–14, and 16 are anticipated
by Winkler or would have been obvious in view of Winkler in combination
with Dulaney. Pet. 39–60. In support of these asserted grounds of
unpatentability, Petitioner provides its arguments and proffers a Declaration
of Mr. Andrews to support its contentions. Pet. 39–60; Ex. 1008.

   a. *Asserted Anticipation Based on Winkler*

   The Petition provides arguments with respect to this proposed ground
for each of claims 1–2, 4–5, 10–14, and 16. Pet. 39–60. We begin with a
summary of Petitioner's challenge to the elements of claim 1 and then
address Patent Owner's arguments against this challenge.

   Petitioner's challenges to the limitations of claim 1 based on the
Winkler can be summarized as follows: "a vehicle transmitter which
transmits at least one code" (Winkler's transmission apparatus 160
including transmission module 166 that generates a RF signal (Pet. 39–40)),
"a code generator that generates a representative code selected from a
plurality of codes" (Winkler's CPU that receives vehicle identification
information and generates a signal including a code (Pet. 40–41)), "a
receiver remote from said vehicle transmitter" (Winkler's receiving unit 120
(Pet. 41–43)), "a code detector comparing said representative code to at least

32

**PARTIES AND BOARD ONLY**

one user-selected code" (Winkler's receiving unit 120 including a learn
function to acquire information about a specified vehicle and a CPU for
comparing vehicle identification information included in a received RF
signal to identification information for the correct vehicle stored in the
receiving unit memory (Pet. 44–45)), and "a lock-out for preventing said
generation of indication of identity with said at least one user-selected code"
(Winkler's receiving unit mechanism which can be triggered only when
receiving a transmission from a bus with correct bus route number traveling
in the correction direction (Pet. 45–46)).

Patent Owner argues that Winkler does not disclose "a code detector
comparing said representative code to at least one user-selected code and
generating an indication of identity therewith," as recited in claim 1. Prelim.
Resp. 43–44. Specifically, Patent Owner argues that Winkler's disclosure
regarding the use of the learn function on receiving unit 120 "does not select
a code to which the representative code is compared" because the user
instructs Winkler's receiver to learn "vehicle identification information."
Prelim. Resp. 44 (citing Ex. 1004, 8:43–50). We are not persuaded by
Patent Owner's arguments because Patent Owner is essentially arguing that
the recitation of "at least one user-selected code" in the apparatus of claim 1
requires that the user specifically select an actual code. This is contrary to
the disclosure in the '701 patent, which provides that the user can select a
code, such as "531," for a desired transmit vehicle or the user can select
from descriptive text, such as "downtown." Ex. 1001, 8:12–22. Similarly,
Winkler discloses that the user can select the learn function on the receiving
unit 120 to store the vehicle identification information for a particular
vehicle. Ex. 1004, 8:45–51. Accordingly, we are persuaded that Petitioner

33

sufficiently establishes, for purposes of this decision, that Winkler discloses the claimed "at least one user-selected code."

Patent Owner also argues that Winkler does not disclose "a lock-out for preventing said generation of indication of identity with said at least one user-selected code," as recited in claim 1  Prelim. Resp. 45–48.  Specifically, Patent Owner argues that Petitioner's arguments are based on an unreasonably broad construction of the "lock-out" limitation claim 1. Prelim. Resp. 46.  As discussed above, we do not adopt Patent Owner's proposed construction of the "lock-out" element of claim 1.  For purposes of this decision, we construe the broadest reasonable interpretation of "a lock-out for preventing said generation of indication of identity with said at least one user-selected code" according to its plain and ordinary meaning, and are persuaded that this limitation is met by Winkler.

Patent Owner argues that Winkler's receiver does not prevent the triggering of any alerts, but, at most, Winkler delays an alert for a period of time and "afterwards *always* plays the alert." Prelim. Resp. 47.  Patent Owner fails to provide any citation to Winkler to support this argument. Contrary to Patent Owner's arguments, Winkler discloses as follows:

> By incorporating a direction of travel parameter into the information included in the transmitted RF signal from a bus, the *receiving unit alert mechanism is triggered only when receiving a transmission from a bus with the correct bus route number traveling in the correct direction located* within a specified distance threshold.

Ex. 1004, 9:19–24 (emphasis added).  Thus, despite Patent Owner's allegations, Winkler's receiving unit alert mechanism, as provided by the passage above, does not always play the alert after a delay, but the alert is "triggered only" by a bus with the correct route number traveling in the

correct direction. *See id.* Therefore, we are persuaded that Petitioner sufficiently establishes, for purposes of this decision, that by triggering the receiving unit alert mechanism only when desired bus is traveling in a certain direction, Winkler discloses the claimed "a lock-out for preventing said generation of indication of identity with said at least one user-selected code."

Patent Owner also argues that because Winkler does not disclose the "user-selected code," it does not disclose the "lock-out" claim limitation that expressly recites the "user-selected code." As discussed above, we are not persuaded by Patent Owner's arguments regarding the "user-selected code"; thus, we are similarly not persuaded by them for the "lock-out" limitation. Additionally, Patent Owner argues that Winkler does not anticipate independent claim 10 for the same reasons as claim 1. As with claim 1, we are similarly not persuaded by these arguments for claim 10.

We have reviewed Petitioner's analysis and supporting evidence regarding the proposed ground of anticipation based on Winkler. On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claims 1–2, 4–5, 10–14, and 16 of the '701 patent are anticipated by Winkler.

### b. *Asserted Obviousness Based on Winkler and Dulaney*

Petitioner additionally challenges that claims 1–2, 4–5, 10–14, and 16 would have been obvious over Winkler and Dulaney. Pet. 12–26. Petitioner argues that the "lock-out" limitation in claim 1 would have been obvious in view of a combination of Winkler with the "lock out" timer disclosed in Dulaney. Pet. 47. Petitioner argues that Dulaney discloses a "lock out timer" for inhibiting the generation alerts for a period of time and one of

ordinary skill bout have combined this "lock out timer" with the Winkler
receiver to ensure it did not generate unwanted alerts for a user for a
predetermined time interval. Pet. 47 (citing Ex. 1005, 14:24–25, 20:35–37;
Ex. 1008 ¶ 132). We are sufficiently persuaded, for purposes of this
decision, that Dulaney teaches "preventing said generation of indication of
identity," and not just deactivating an already active alarm. Specifically, the
cited portions of Dulaney states that "[t]he lockout timer insures that once
the predetermined destination address is detected, no further detection of the
same destination address is allowed for the duration of the lockout time,
thereby *preventing multiple alerts from being generated*." Ex. 1005, 14:28–
33 (emphasis added).

Patent Owner argues that a person of ordinary skill in the art would
not have combined Dulaney with Winkler, because Dulaney relies on
immobile transmitters and mobile receivers and Winkler relies upon mobile
transmitters and immobile receivers. Prelim. Resp. 56. Similar to the
arguments analyzed above with respect to the combination of Winkler and
Dulaney, we are equally unpersuaded by these arguments against the
combination of Winkler and Dulaney. Significantly, Patent Owner fails to
identify how the immobility of the transmitters or the mobility of the
receivers in Dulaney would affect the combination of the "lock out timer"
disclosed in Dulaney with the receivers in Winkler. As set forth by
Petitioner, both references are related to transit notification systems and are
concerned with users receiving unwanted alerts. Pet. 47. Accordingly, we
are not persuaded that Winkler and Dulaney are an improper combination.

We have reviewed Petitioner's analysis and supporting evidence
regarding the proposed ground of obviousness based on Winkler and

36

IPR2015-00397
Patent 6,958,701 B1                    PARTIES AND BOARD ONLY

Dulaney. On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claims 1–2, 4–5, 10–14, and 16 of the '701 patent would have been obvious in view of Winkler and Dulaney.

### G. Asserted Obviousness of Claims 5–9 and 15 Based on Winkler and Brei

Claim 5 is dependent from claim 1 and adds the following limitation: "wherein said code generator further generates a header within said at least one code." Petitioner argues that Winkler in view of Brei renders claim 5 obvious. Pet. 49 (citing Ex. 1008 ¶¶ 144–145). Petitioner argues that Brei teaches using headers at the beginning of each message to provide control information about the message. Pet. 49. Petitioner also argues that a person of ordinary skill in the art would have combined Brei's headers with Winkler to enable the transmitters in Winkler to provide control-related information to the receivers. Pet. 49 (citing Ex. 1008 ¶ 145). On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claim 5 of the '701 patent would have been obvious in view of Winkler and Brei.

Claims 6–9 depend from claim 5 and provide further limitations regarding the "header" recited in claim 5. Claim 15 depends from claim 10 and is similar to claim 5 in the recitation of a code including a "header." Petitioner argues that the disclosures in Winkler and Brei render the additional limitations set forth in these dependent claims obvious. Pet. 49–50, 57–58. We have reviewed Petitioner's analysis and supporting evidence regarding the proposed ground of obviousness based on Winkler and Brei. On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claims 6–9 and 15 of the '701 patent would have been obvious in view of Winkler and Brei.

37

**PARTIES AND BOARD ONLY**

*H. Asserted Obviousness of Claim 17 Based on Winkler and Sadamori*

Claim 17 is dependent from claim 10 and adds the following limitation: "a means for detecting a transmission collision and re-transmitting said common transmission signal responsive thereto." As stated above, for purposes of this decision we determinate that the function of this means-plus-function clause should be construed as the recited function. Petitioner argues that Sadamori discloses a collision detecting unit that detects a collision of transmission data and causes the retransmission of data bringing about the collision. Pet. 59 (citing Ex. 1007, 4:37–5:6). Petitioner also argues that a person of ordinary skill in the art would have combined the teachings of the communication systems in Sadamori with the communication systems in Winkler to add a well-known feature to ensure that the Winkler receivers properly received signals from all transmitters of interest. Pet. 59–60 (citing Ex. 1008 ¶ 187).

We have reviewed Petitioner's analysis and supporting evidence regarding the proposed ground of obviousness based on Winkler and Sadamori. On the record before us, we are persuaded that Petitioner has demonstrated a reasonable likelihood that claim 17 of the '701 patent would have been obvious in view of Winkler and Sadamori.

## III.   SUMMARY

For the forgoing reasons, we are persuaded that the information presented in the Petition establishes that there is a reasonable likelihood that Petitioner would prevail with respect to claims 1–2 and 4–17 of the '701 patent. At this stage of the proceeding, the Board has not made a final determination as to the patentability of any challenged claim.

IPR2015-00397
Patent 6,958,701 B1                          PARTIES AND BOARD ONLY

## IV. ORDER

Accordingly, it is

ORDERED that, pursuant to 35 U.S.C. § 314, an *inter partes* review
is hereby instituted as to the challenged claims of the '701 patent on the
following grounds:

1. Claims 1–2, 4–5, 10–14, and 16 of the '701 patent under
   35 U.S.C. § 103(a) as unpatentable over Porter and Dulaney;

2. Claims 5–9 and 15 under 35 U.S.C. § 103(a) as unpatentable
   over Porter, Dulaney, and Brei;

3. Claim 17 under 35 U.S.C. § 103(a) as unpatentable over Porter,
   Dulaney, and Sadamori;

4. Claims 1–2, 4–5, 10–14, and 16 of the '701 patent under
   35 U.S.C. § 102 as anticipated by Winkler;

5. Claims 1–2, 4–5, 10–14, and 16 of the '701 patent under
   35 U.S.C. § 103(a) as unpatentable over Winkler and Dulaney;

6. Claims 5–9 and 15 under 35 U.S.C. § 103(a) as unpatentable
   over Winkler and Brei; and

7. Claim 17 under 35 U.S.C. § 103(a) as unpatentable over
   Winkler and Sadamori;

FURTHER ORDERED that, pursuant to 35 U.S.C. § 314(d) and 37
C.F.R. § 42.4, notice is hereby given of the institution of a trial, the trial
commencing on the entry date of this decision; and

FURTHER ORDERED that no other ground of unpatentability
alleged in the Petition for any claim is authorized for this *inter partes*
review.

39

IPR2015-00397
Patent 6,958,701 B1                    **PARTIES AND BOARD ONLY**

PETITIONER:

Celine Crowson
Joseph Raffetto
Raymond Kurz
HOGAN LOVELLS US LLP
Celine.crowson@hoganlovells.com
Joseph.raffetto@hoganlovells.com
Raymond.kur@hoganlovells.com

PATENT OWNER:

John Kasha
KASHA LAW LLC
John.kasha@kashalaw.com

Dmitry Kheyfits
KHEYFITS & MALONEY LLP
dkheyfits@kheyfitsmaloney.com

## CERTIFICATE OF SERVICE

I, the undersigned certify and declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is 401 West A Street, Suite 1785, San Diego, California, 92101, which is located in the county where the service described below took place.

On September 20, 2018, at my place of business in San Diego, California, I served a copy of the following document:

**DECLARATION OF GARY L. EASTMAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS REQUEST TO SET ASIDE DEFAULT**

The undersigned hereby certifies that he caused a copy of the foregoing documents to be filed with the clerk of the U.S. District Court, Southern District of California, using the CM/ECF filing system, and a copy will be electronically mailed to the following recipients via ECF electronic service:

John Mertens, Esq.
Pia Anderson Moss Hoyt
136 East South Temple, 19th Floor
Salt Lake City, Utah 84111

Attorneys for Defendant Virtual Fleet Management, LLC

I certify and declare under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct.

Executed on September 20, 2018, in San Diego, California.

By:      /s/ Gary Eastman
                Gary Eastman

---