John P. Mertens (#252762)
PIA ANDERSON MOSS HOYT
136 East South Temple, 19th Floor
Salt Lake City, UT 84111
T: (801) 350-9000
F: (801) 350-9010
jmertens@pamhlaw.com

*Attorney for Defendant Virtual Fleet Management, LLC*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERACITY WIRELESS, INC., a California Corporation<br><br>      Plaintiff,<br><br> vs.<br><br>VIRTUAL FLEET MANAGEMENT, LLC, a Texas Limited Liability Company, and DOES 1-20<br>      Defendant. | No. 3:17-cv-00295-JLS-BLM<br><br>**DEFENDANT'S OPPOSITION TO MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Judge: Hon. Janis L. Sammartino<br>Courtroom: 4D<br>Date: October 4, 2018<br>Time: 1:30pm |

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................... 1

II.     ARGUMENT ........................................................................................... 1

   A.  Legal Standard................................................................................. 1

   B.  Factor 1 – Plaintiff will not be unfairly prejudiced if default judgment is
       denied. ............................................................................................. 2

   C.  Factors 2 & 3 – The facial allegations in the Amended Complaint are
       insufficient to merit default judgment where Plaintiff has not sufficiently plead
       the elements of non-infringement, invalidity, and unfair competition under
       governing law. ................................................................................. 3

   D.  Factor 4 – The monetary value at issue could be very high............................ 4

   E.  Factor 5 – The merits of Plaintiff's complaint are challenged on every level... 4

   F.  Factor 6 – The default was due to excusable neglect and a reasonable reliance
       on agreements between counsel. ................................................... 7

   G.  Factor 7 – The strong policy underlying the Federal Rules of Civil Procedure
       favors decisions on the merits. ..................................................... 9

III.    CONCLUSION ...................................................................................... 9

# TABLE OF AUTHORITIES

Cases

*Aldabe v. Aldabe*,
   616 F.2d 1089 (9th Cir. 1980) .......................................................................2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................3

*Bender Shipbuilding & Repair Co. v. Vessel DRIVE OCEAN V*,
   123 F. Supp. 2d 1201 (S.D. Cal. 1998) ..........................................................2

*eBay Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006) ........................................................................................6

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) ................................................................1, 2, 9

*Graham v. John Deere Co. of Kansas City*,
   383 U.S. 1 (1966) ............................................................................................5

*Jackson v. Beech*,
   636 F.2d 831 (D.C. Cir. 1980) ........................................................................9

*Laitram Corp. v. Rexnord, Inc.*,
   939 F.2d 1533 (Fed. Cir. 1991) ......................................................................4

*Microsoft Corp. v. I4I Ltd. P'ship*,
   564 U.S. 91 (2011) ..........................................................................................5

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   572 U.S. 545 (2014) ........................................................................................7

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
   507 U.S. 380 (1993) ........................................................................................7

*U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co.*,
   857 F.2d 600 (9th Cir. 1988) ......................................................................1, 9

**Statutes**

35 U.S.C. § 282 ................................................................................................. 5

35 U.S.C. § 285 ................................................................................................. 6

**Rules**

Fed. R. Civ. P. 11 ............................................................................................. 6

Fed. R. Civ. P. 15(a) ........................................................................................ 3

Fed. R. Civ. P. 60(b) ........................................................................................ 8

Fed. R. Evid. 408(b) ......................................................................................... 6

**Other Authorities**

*Of "Purposes Not Prohibited": New Federal Rule of Evidence 408(b)*,

    40 Creighton L. Rev. 679 (2007) ................................................................ 6

iii

## I.  **INTRODUCTION**

Defendant Virtual Fleet Management, LLC ("Virtual Fleet" or "Defendant") respectfully submits its Opposition to the Motion for Default Judgment (Dkt. 16, "Motion") filed by Plaintiff Veracity Wireless, Inc. ("Veracity" or "Plaintiff"). Virtual Fleet previously filed a Motion to Set Aside the Clerk's Entry of Default. Dkt. 13, "Motion to Set Aside." Upon granting the Motion to Set Aside, Plaintiff's Motion is moot. Plaintiff should have awaited the Court's ruling on the Motion to Set Aside before extending the briefing unnecessarily by filing this Motion. Defendant suggests that Plaintiff's duplicative and unnecessary briefing is illustrative of Plaintiff's ill-conceived approach in general and highlights why the Motion should be denied.

Plaintiff simply did nothing for the better part of a year on the case, and but for Defendant's warning that it intended to file a motion to dismiss without prejudice for failure to prosecute if the parties were unable to reach settlement, Plaintiff would have continued to do nothing. Now, the thrust of Plaintiff's argument is that Defendant cannot obtain relief for relying on Plaintiff's representations orally, in written correspondence, and through its course of conduct for many months.

For the reasons explained in the Motion to Set Aside, and further described below, and as may be additionally argued in the Reply to the Motion to Set Aside (that Plaintiff filed an Opposition to today), and any oral argument, the Motion should be denied.

## II.  **ARGUMENT**

### A.  **Legal Standard**

"[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). As such, default judgment is authorized only in "extreme circumstances." *U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 603 (9th Cir. 1988).

1

"The granting or denying of a default judgment is within the court's sound discretion." *Bender Shipbuilding & Repair Co. v. Vessel DRIVE OCEAN V*, 123 F. Supp. 2d 1201, 1208 (S.D. Cal. 1998). "Because granting or denying relief is entirely within the court's discretion, a defendant's default does not automatically entitle a plaintiff to a court ordered judgment." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219. F.R.D. 494, 498 (C.D. Cal. 2003) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Moreover, the required entry default upon which the Motion is premised has been challenged and is set for an upcoming hearing. Dkt. 13.

In the Ninth Circuit, district courts evaluate the following factors when determining whether to use their discretion to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72. The *Eitel* factors strongly favor denying Plaintiff's request for default judgment.

### B. Factor 1 – Plaintiff will not be unfairly prejudiced if default judgment is denied.

In denying the request for default judgment, there is no danger of prejudice to Plaintiff resulting from a loss of evidence or increased difficulty in prosecuting their claims against Virtual Fleet that might have been caused by the passage of time. Rather, the danger of prejudice lies in denying relief. If default judgment is entered, Virtual Fleet will have an adverse judgment against regarding the validity of its patent and the unfair competition claims to which it has meritorious defenses. Virtual Fleet filed a Proposed Answer that would be a complete defense to the Amended Complaint. *See*

Dkt. 13-3.[1]

Here, there are no intervening equities weighing in favor of default judgment. There is no potential hardship to third parties, nor has Plaintiff changed its position in reliance upon the entry of default. Plaintiff filed this suit, and no action has been taken by either party for nearly a year. Any delay that has occurred will have little or no effect on these judicial proceedings. Considering all relevant circumstances surrounding this proceeding, Virtual Fleet's failure to timely file an answer to the Complaint was caused by excusable neglect. Entering default judgment would punish Virtual Fleet for reliance on the arrangement it reasonably believed it had with Plaintiff, based on Plaintiff's established course of conduct and the numerous oral and written agreements between the parties. As such, the Court should exercise its discretion to deny entry of default judgment.

**C.** **Factors 2 & 3 – The facial allegations in the Amended Complaint are insufficient to merit default judgment where Plaintiff has not sufficiently plead the elements of non-infringement, invalidity, and unfair competition under governing law.**

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic Corp.*, 550 U.S. 544. Plaintiff does not provide any element-by-element analysis of non-infringement and has not produced any non-infringement claim chart. Nor has Plaintiff made any attempt to show non-infringement under the doctrine of equivalents within its Amended Complaint, much less through evidence. Likewise, Plaintiff has failed to show at least one prior art publication that invalidates any claim on an element-by-element basis, as is required. Plaintiff's allegations comprising its unfair competition claim are conclusory. The barebones pleading weighs against an entry of default judgment, particularly when

---

[1] If Dkt. 13-3 is accepted as the Answer, Virtual Fleet reserves the right to amend the pleading pursuant to Fed. R. Civ. P. 15(a).

1  Virtual Fleet has provided a Proposed Answer that would be a complete defense to all
2  allegations. Dkt. 13-3.

3        **D.**      <u>**Factor 4 – The monetary value at issue could be very high.**</u>

4          Plaintiff has made no attempt to identify what its would-be infringing sales are;
5  and, because there has been no discovery in the case, and indeed a challenge to whether
6  this case should proceed at all, the damages are not quantifiable at this time. However,
7  the monetary value of the patent rights that Veracity seeks to extinguish through a
8  default judgment of invalidity and corresponding injunction could be very high.
9  Plaintiff has not provided any evidence or argument that the monetary value of this
10 case is negligible, and therefore this factor weighs against the entry of default
11 judgment.

12       **E.**      <u>**Factor 5 – The merits of Plaintiff's complaint are challenged on**</u>
13           <u>**every level.**</u>

14           **1.**   <u>**Plaintiff cannot establish non-infringement.**</u>

15         Plaintiff has not undertaken any analysis of non-infringement, such as providing
16 a non-infringement claim chart showing that element(s) of the claims are missing in
17 the accused products. Of course, to date, there have been no accused products in this
18 case. Yet, a cursory review of Plaintiff's website shows that it sells FieldLogix in
19 connection with its Eco-Matics Fleet Tracking. To establish non-infringement,
20 Plaintiff would be expected to establish by a preponderance of the evidence that one or
21 more limitations of each of the claims is missing from every product that could be
22 accused of infringing the patent. *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535
23 (Fed. Cir. 1991).  Plaintiff has not particularized which products fall in this category,
24 nor has it undertaken any review of the claims or the potentially infringing products
25 whatsoever.  Rendering default judgment in these circumstances would be unjust.

26
27
28

4

## 2. **Plaintiff cannot establish invalidity.**

The provisions of 35 U.S.C. § 282[2] create a presumption that each issued United States patent is valid. The law further imposes the high burden on any challenger of its validity to prove invalidity by clear and convincing evidence. *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 95 (2011). The obviousness of an invention is a legal conclusion which is reached only after the requisite fact finding mandated by the Supreme Court in *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17 (1966). Without knowing the exact combinations that Plaintiff claims to invalidate the '701 Patent or how the alleged prior art references teach the patented technology, Virtual Fleet cannot challenge those specific invalidity contentions. Still, the foundational presumption of validity is a significant challenge to the Plaintiff's request for declaratory judgment.

## 3. **Plaintiff cannot establish unfair competition or unfair trade practices.**

Plaintiff's request for default judgment as to its cause of action for unfair competition and unfair trade practices is based on perversion of the presumption of validity under 35 U.S.C. § 282 and an unsupported conclusion that seeking to obtain a license for a patent that Virtual Fleet owns and reasonably believes to be infringed is an unfair trade practice. Plaintiff adds that "Defendant sought to coerce Veracity into paying exorbitant licensing fees," by threatening an untenable infringement position and that Plaintiff is therefore entitled to a permanent injunction from any demands from Defendant to license the '701 Patent. Motion at 11. The most recent license offer from

---

[2]35 U.S.C. § 282 provides: "A patent shall be presumed valid.  Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim. The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity."

5

Virtual Fleet to Plaintiff was for $12,000, hardly an "exorbitant licensing fee." *See* July 23, 2018 email correspondence between counsel, attached hereto as **Exhibit A**.[3]

To be entitled to a permanent injunction, Plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Plaintiff does not provide any analysis or balancing of the equities under any of the *eBay* factors. Plaintiff cannot demonstrate any injury that it has suffered, much less an irreparable one or that its remedies at law are insufficient.

### 4.  Plaintiff cannot establish that it is entitled to fees and costs.

Plaintiff argues that it is entitled to Mr. Gary Eastman's attorney fees (associated with filing a declaratory judgment action, failing to settle, and failing to prosecute the case) because "Defendant repeatedly sought licensing fees under the threat of litigation over a patent that it knew was invalid." Motion at 11. First, this statement is false. Plaintiff has not shown that Defendant "repeatedly sought licensing fees" or that it "knew" the patent was invalid.  To avoid the cost and time associated with this frivolous declaratory judgment action, Defendant offered to settle the case for amounts that were unreasonable for it, but on the same note would have been efficient for Plaintiff in definitively resolving the issues. For a case to be exceptional under 35 U.S.C. § 285 and warrant fee shifting, it must "stand[] out from others with respect to

---

[3] Virtual Fleet provides these unredacted settlement discussions pursuant to the "another purpose" exception in Fed. R. Evid. 408(b). Specifically, Virtual Fleet provides the settlement discussions to correct misrepresentations of Mr. Eastman in his signed pleadings related to and not to prove or disprove the validity or amount of a disputed claim. *See* Gregory B. Collins & Andrew F. Halaby, Gregory B. Collins, Andrew F. Halaby, *Of "Purposes Not Prohibited": New Federal Rule of Evidence 408(b)*, 40 Creighton L. Rev. 679 (2007); *see also* Fed. R. Civ. P. 11.

the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014). In this case, litigating positions have barely been established and no infringement theory has yet been presented. The conduct that allegedly gives rise to Plaintiff's claim for fees is entirely based on alleged, and unproven, allegations of behavior that occurred outside of this litigation. Motion at 11. Plaintiff has not plead any facts that would entitle it to recover Mr. Eastman's attorney fees associated with him taken actions at the request of his client, *i.e.*, filing this case.

Plaintiff's claim that it incurred "substantial attorneys' fees" drafting its complaint, responding to Defendants' Motion to Set Aside the Default, and bringing its Motion for Default Judgment is dubious. *Id.* Plaintiff should not have filed the complaint, because there was no reasonable apprehension of a law suit.  This reality is substantiated by the lack of action of the parties over the past year. Plaintiff should not have filed and obtained the Clerk's entry of default, because it was during what appeared to be good faith discussions to resolve the case and had represented verbally, in writing, and by its actions that it did not intend to pursue the case. Plaintiff further should not have filed the request for default, because it was only prompted to do so by a concern that Defendant would file a motion to dismiss for lack of prosecution *without prejudice*. Additionally, Plaintiff has not produced any documentation supporting its specific request for fees. Plaintiff's fees are likely minimal, however, considering the complaint is largely boilerplate and because Mr. Eastman merely rehashed his arguments from the Motion in his Opposition to Defendant's Motion to Aside the Default.

**F.     Factor 6 – The default was due to excusable neglect and a reasonable reliance on agreements between counsel.**

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993), the United States Supreme Court discussed the term "excusable neglect" as

7

used in a variety of statutes and rules, including Fed. R. Civ. P. 60(b). The Court stated that, "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Here, Virtual Fleet's failure to timely answer or respond to the complaint was a simple error at most, or alternatively excusable neglect where the worst it did was to rely on Plaintiff's conduct. Virtual Fleet, through its counsel, had come to an understanding with Mr. Eastman that the deadline to file an Answer or respond to the Complaint was indefinitely continued until the parties had concluded their settlement discussions per the previous months of hit-and-miss communications between them. Dkt. 13-2 at ¶ 4, see also email communications between the parties, attached as **Exhibit B**. This understanding of the parties' mutual stand-down was based on correspondence between the Virtual Fleet's counsel and Mr. Eastman, including multiple emails per month, voice messages, and phone calls between counsel over almost a year. Eventually the settlement talks lost momentum. Plaintiff never indicated that it was pursuing its claims or that it would seek default if Virtual Fleet failed to file an Answer. The parties operated under this mutual understanding and there was no notice that Plaintiff sought to modify this arrangement.

On July 19, 2018, Virtual Fleet once again contacted Mr. Eastman and proposed a dismissal without prejudice since Plaintiff showed no interest in pursuing the matter and discussions had failed. Dkt. 13-2 at ¶ 6. In response, Plaintiff provided a settlement offer. Plaintiff simultaneously filed a request for entry of default. Dkt. 8. Plaintiff made no mention of its intent in any of the correspondence leading up to its filing, in the phone call with Virtual Fleet's counsel that occurred on the same day, or in response to Defendants' correspondence after the filing. Dkt. 13-2 at ¶ 7. Had Plaintiff or Mr. Eastman conducted a meet and confer or otherwise notified Virtual Fleet, Virtual Fleet would have simply filed its Answer.

Virtual Fleet's counsel had not formally appeared in the case, reasonably relying on the parties' statements and course of conduct, and therefore was not notified of

Plaintiff's filing through the CM/ECF system. *Id.* Plaintiff did not provide any notice by any means to Plaintiff. *Id.* As such, Virtual Fleet believed the case to be stagnant and filed a motion to dismiss without prejudice to clear the case from the calendars of the Court and the parties. Virtual Fleet's filing of the motion after default had been entered clearly demonstrates that Virtual Fleet had not received any notice of the default and was proceeding under its mistaken understanding that neither party was pursuing the litigation. Upon learning of the default, Virtual Fleet immediately contacted Plaintiff and proposed a withdrawal of the request or otherwise to set aside the default. *Id.* at ¶ 9. Plaintiff ignored the request. *Id.* Plaintiff promptly moved to set aside the default (Dkt. 13) and filed a Proposed Answer (Dkt. 13-3).

G. **Factor 7 – The strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits.**

The modernization of the Federal Rules of Civil Procedure has relaxed restrictions that previously prevented decisions on their merits. Now, "default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. As such, default judgment is authorized only in "extreme circumstances." *U.S. for Use and Ben. of Wiltec Guam, Inc.*, 857 F.2d at 603. "Default judgments are not favored by modern courts, perhaps because it seems inherently unfair to use the court's power to enter and enforce judgments as a penalty for delays in filing." *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). This strong policy favoring decisions on their merits factors heavily into a determination to deny the motion for default judgment.

III. **CONCLUSION**

For the foregoing reasons, Defendant Virtual Fleet Management, LLC respectfully requests the Court deny the motion for entry of default judgment in its entirety.

Dated: September 20, 2018                    Respectfully submitted,


                                             */s/ John P. Mertens*
                                             John P. Mertens
                                             PIA ANDERSON MOSS HOYT
                                             136 East South Temple, 19th Floor
                                             Salt Lake City, UT 84111
                                             T: (801) 350-9000
                                             F: (801) 350-9010

                                             *Attorney for Defendant Virtual Fleet*
                                             *Management, LLC*

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify and declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is 136 E. South Temple, 19th Floor, Salt Lake City, 84111, which is located in the county where the service described below took place.

On September 20, 2018, at my place of business in Salt Lake City, UT, I served a copy of the following document:

**DEFENDANT'S OPPOSITION TO MOTION FOR ENTRY OF DEFAULT JUDGMENT**

The undersigned hereby certifies that he caused a copy of the foregoing documents to be filed with the clerk of the U.S. District Court, Southern District of California, using the CM/ECF filing system, and a copy will be electronically mailed to the following recipients via ECF electronic service:

> Gary L. Eastman
> Eastman & McCartney LLP
> 401 West A Street, Suite 1785
> San Diego, CA 92101

I certify and declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 20, 2018 in Salt Lake City, Utah.

> */s/ William B. Chadwick*
> William B. Chadwick