Gary L. Eastman  (CSB #182518)
Eastman & McCartney LLP
401 West A Street, Suite 1785
San Diego, CA 92101
Tel: (619) 230-1144
Fax: (619) 230-1194

Attorney for Plaintiff, Veracity Wireless, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT

| | |
|---|---|
| VERACITY WIRELESS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIRTUAL FLEET MANAGEMENT, LLC, a Texas Limited Liability Company," and DOES 1-20<br><br>Defendant. | **Case No.: 3:17-cv-00295-JLS-BLM**<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR ENTRY OF DEFAULT JUDGMENT**<br><br>Judge:  Hon. Janis L. Sammartino<br>Courtroom: 4D<br>Date: October 4, 2018<br>Time: 1:30pm |

## I. INTRODUCTION

Plaintiff Veracity Wireless, Inc. ("Veracity") respectfully submits this Reply to the Opposition to the Motion for Default Judgment (Dkt. 18, "Opposition") filed by Defendant Virtual Fleet Management, LLC ("Defendant").

Defendant referred to the present "declaratory judgment action" as "frivolous," *Opposition*, p. 6, and stated that "Plaintiff should not have filed the complaint, because there was no reasonable apprehension of a law suit." *Id.*, p. 7. A quick review of Defendant's own Opposition Exhibits A and B reveal the falsity of Defendant's assertions.[1]

Defendant made repeated allegations of patent infringement, and insisted on extracting a license "fee." Since Veracity steadfastly refused to pay any such license fee, Veracity's "apprehension of a law suit" is entirely reasonable, and thus the default judgment action is not "frivolous.". On the other hand, if Defendant was never going to sue for patent infringement, then Defendant has no reason to oppose a judgment of non-infringement as Defendant would not suffer prejudice in any way whatsoever.

Defendant's own complaints about Veracity "extending the briefing unnecessarily" are misplaced. Veracity timely filed the Motion for Default Judgement in order to have both Motions heard at the same time and avoid unnecessary costs, delays, and expenses for both parties, as well as to save the Court's time.

## II. ARGUMENT

Defendant, thinking it could bully Veracity into a settlement without significant effort on its part, failed to file an Answer to Veracity's complaint. Now it wants to mischaracterize its own failure to follow the Federal Rules of Civil

---

[1] Defendants Exhibits A and B to its Opposition (Dkt. No. 18-1, 2) reveal an email string that includes numerous demands for a licensing fee, and even includes a claim analysis asserting infringement (pgs. 7-10; selectively redacted by Defendant).

Procedure or Local Civil Rules as somehow showing culpability on the part of Veracity. In particular, Defendant failed to follow Fed R. Civ. P. 12, Fed R. Civ. P. 6(b), and Local Civil Rule 12.1, is in default under Fed. R. Civ. P. 55(a), and now faces default judgment under Fed. R. Civ. P. 55(b). It is interesting that Defendant wants to pretend that these rules don't exist; their absence from the Opposition is noteworthy.

### A.  Legal Standard

Defendant argues that "default judgment is authorized only in 'extreme circumstances,'" failing to mention that its cited authority discusses default judgment only as a sanction under Fed. R. Civ. P. 37, not default judgment under Fed. R. Civ. P. 55(b) as a result of actual default under Fed. R. Civ. P. 55(a). *United States use of Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988) (citing *Fjelstad v. American Honda Motor Co.*, Inc., 762 F.2d 1334, 1338 (9th Cir. 1985)). Defendant wishes to blur the distinction because it finds the existence of Rule 55 unhelpful.  Regardless of Defendant's mischaracterization of *Wiltec*, attention is appropriately drawn to the *Eitel* factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-42 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

### B.  Factor 1 – Denial of Default Judgment would Prejudice Veracity

As Veracity presents in its Motion for Default Judgment, denial of default judgment would unfairly prejudice Veracity. Moreover, Defendant would suffer little prejudice, as Defendant has had more than sufficient time to respond to the

1  Complaint.  Defendant argues the existence of an agreement not to pursue the
2  present case, but the settlement discussions in Defendant's own exhibits to the
3  *Opposition* show no ongoing agreement existed. In any case, such an agreement
4  would not permit Defendant to avoid default judgment.  Fed. R. Civ. P. 6(b); *In re*
5  *Sonoma V*, 703 F.2d 429, 431 (9th Cir. 1983) (citing *Orange Theatre Corp. v.*
6  *Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (3d Cir. 1942) (holding that under
7  Rule 6(b) the time allowed for pleading cannot be extended by mere agreement
8  between the parties)).

   C. **Factors 2 and 3 – Veracity Has Pleaded Sufficiently**

10 Defendant selectively reads *Twombly*, which does not impose detailed
11 factual requirements, but only "enough fact to raise a reasonable expectation that
12 discovery will reveal evidence" supporting a plaintiff's claims. *Bell Atl. Corp. v.*
13 *Twombly*, 550 U.S. 544, 556 (2007). Moreover, Defendant provides no authority
14 to support the extremely detailed pleading standard Defendant would impose on
15 Veracity, including "element-by-element analysis of non-infringement" and a
16 "non-infringement claim chart." Such a standard certainly contradicts *Twombly*,
17 and would make pleading non-infringement inconsistent with pleading
18 infringement. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260
19 (Fed. Cir. 2018) (holding that an allegation that products "meet each and every
20 element of at least one claim" is sufficiently well-pleaded).

21 Veracity notes that Defendant's own proposed Answer and Counterclaim
22 would not meet its own proposed standard (Motion to Set Aside, Dkt. 13, Ex. 2).[2]
23 Defendant would apparently hold Veracity to a significantly higher pleading
24 standard than it holds itself.  Of course, if Defendant thought that Veracity's
25 complaint was insufficiently pleaded, Defendant should have filed a motion to
26 dismiss within the time limits set by the Federal Rules of Civil Procedure.

---

28 [2] Defendant reserves its right under Rule 15(a) to amend the counterclaim – despite having the Complaint for over a year.

Reply to Opposition to Motion for Entry of Default Judgment        17-CV-00295-JLS-BLM
4

These factors, therefore, favor Veracity rather than Defendant.

### D. Factor 4 – Defendant Fails to Show Substantial Money at Stake

Defendant notably failed to argue that any of its money is at stake, except indirectly.[3] However, Defendant, through default, has admitted the invalidity of its patent, and doesn't have any particular right to coerce money out of others using an invalid patent. In *Eitel*, the Court only considered the amount of claimed damages, not losses collateral to a default judgment. *Eitel*, 782 F.2d at 1472. This limitation of the analysis to damages in the complaint has been followed in later cases. *See, e.g., NewGen, LLC. V. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016). Otherwise, the amount of money at stake is potentially Veracity's costs and attorney fees, if the Court is inclined to grant them. Therefore, this factor favors Veracity rather than Defendant.

### E. Factor 5 – Defendant Fails to Seriously Challenge the Complaint

Rather than make a serious effort to challenge any statement in the complaint, Defendant makes allegations that Veracity must be held to a standard of pleading factual details for which Defendant is the sole gatekeeper.  For example, Veracity is apparently required to provide "a non-infringement claim chart showing that element(s) of the claims are missing in the accused products" (a "requirement" for which no authority has been cited), and that Veracity "cannot establish non-infringement" because "to date, there have been no accused products in this case," placing Veracity in an interesting catch-22. *Opposition*, p. 4.[4] Apparently Defendant wants to argue that declaratory judgment of noninfringement cannot be sought until a complaint for infringement has been filed, the overwhelming corpus of legal authority to the contrary notwithstanding.

---

[3] Exhibit A to Defendants Opposition (Dkt. No. 18-1, pg. 2) reveals a "license fee" of $12,000 – hardly a fee commensurate with legitimate patent infringement allegations, rather, more consistent with a Non Practicing Entity (aka "troll") shake-down "license" fee demand.

[4] Defendant Exhibit B to Opposition to Motion (Dkt. No. 13-2) includes a (redacted) infringement claim chart in its selective waiver of Fed. R. Ev. 408.

1  *See, e.g.*, *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1380 (Fed. Cir. 2012);
2  *Societate de Conditionnement en Aluminum v. Hunter Engineering Co.*, 655 F.2d
3  938, 943 (9th Cir. 1981).
4        Indeed, Defendant's entire theory seems to be that default judgment should
5  not be available in patent cases, with arguments that "[r]endering default judgment
6  in these circumstances would be unjust" and "the foundational presumption of
7  validity is a significant challenge to the Plaintiff's request for declaratory
8  judgment." *Opposition*, pp. 4-5. Veracity has already pointed out that the "clear
9  and convincing" evidentiary standard can be met by Defendant's admissions due
10 to default, *Massa v. Jiffy Prods. Co.*, 240 F.2d 702, 706 (9th Cir. 1957), and that
11 declaratory judgment is appropriate even to declare a patent invalid. *Honda Power*
12 *Equip. Mfg. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003). Defendant's only
13 counter to existing precedent is its cry that it would be "unjust" to hold it to the
14 same procedural standards that it seeks to apply to Veracity. Defendant never
15 clearly articulated the reason a professional litigator, *First Amended Complaint*,
16 Dkt 5, ¶¶ 26-27, should be exempt from procedural rules.
17       Defendant states that Veracity hasn't shown that the *eBay* factors balance in
18 favor of Veracity. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391
19 (2006). Veracity's complaint and motion both show (1) "irreparable injury," (2)
20 the inadequacy of "remedies available at law," (3) that "the balance of hardships"
21 favors Veracity, and (4) "that the public interest would" be served "by a
22 permanent injunction." *Id.* For some reason, Defendant now wants Veracity to
23 provide new and further evidence of what Defendant has already admitted by
24 default, and therefore is considered to be true.
25       Defendant asserts that Veracity's statement that "Defendant repeatedly
26 sought licensing fees under the threat of litigation over a patent that it knew was
27 invalid" is false. *Opposition*, p. 6. Indeed, Defendant stated that "Plaintiff has not
28 shown that Defendant 'repeatedly sought licensing fees' or that it 'knew' the

1  patent was invalid." *Id.* Not only is Defendant inappropriately trying, once again,
2  to force Veracity to provide new proof for what has been deemed true by
3  Defendant's default, Defendant's assertion of a lack of evidence that it has
4  "repeatedly sought licensing fees" is contradicted by its own exhibits to the
5  Opposition, which show Defendant seeking licensing fees on multiple occasions.[5]
6  Defendant now wants to claim a factual dispute, while providing evidence that
7  contradicts its own arguments, and even disputing its own arguments in the same
8  document. *Opposition*, pp. 5-6 (referring to "[t]he most recent license offer from
9  Virtual Fleet to Plaintiff. . . ."). Defendant's own dispute with itself is not the
10 genuine sort of dispute concerning material facts required by the fifth *Eitel* factor.

11 Moreover, Defendant's suggestion, without any supporting authority, that it
12 was inappropriate for Veracity to bring the present action,[6] is entirely incorrect.
13 "Declaratory relief is 'indisputably appropriate' to patent cases," and especially so
14 in the present circumstances "where potential competition may well be suppressed
15 unnecessarily through the use of questionable patents. . . ." *Societate de*
16 *Conditionnement*, 655 F.2d at 943.[7] If Defendant did not want to be subject to a
17 declaratory judgment, Defendant should not have accused Veracity of infringing
18 its patent. *See 3M*, 673 F.3d at 1380 (Fed. Cir. 2012) (holding that a suggestion
19 that a product "may" infringe a patent, along with an offer to sell a license, creates
20 a case or controversy sufficient for a declaratory judgment action).

21 The reference to "the lack of action of the parties over the past year,"
22 *Opposition,* p. 7, contradicted by Defendant's own assertions of ongoing

---

[5] See generally Exhibit A and B to Defendants Opposition; Licensing demands continued throughout all correspondence from Defendant to Veracity; all of which were flatly refused by Veracity.

[6] Defendant stated that this is a "frivolous declaratory action," *Opposition*, p. 6, and that "Plaintiff should not have filed the complaint, because there was no reasonable apprehension of a law suit." *Opposition*, p. 7.

[7] Defendant's Patent was subject to Inter Parte Review by the Patent Office, but Defendants settled the prior case to terminate the Review to avoid such scrutiny (See Dkt. No. 17-1, pgs. 33-73).

1 settlement discussions and Defendant's own exhibits to the Opposition, is also
2 irrelevant. "[T]he passage of time does not counsel against finding declaratory
3 judgment jurisdiction if 'the relevant circumstances' surrounding the patentee's
4 assertion of patent rights 'have not changed despite the passage of time.'" *3M*, 673
5 F.3d at 1380-81 (citation omitted).  Defendant did not cite authority for its
6 statement that "Plaintiff should not have filed the complaint" because the weight
7 of legal authority is to the contrary.

8     Defendant also emphasizes that it wanted to "file a motion to dismiss for
9 lack of prosecution ***without prejudice***," *Opposition*, p. 7 (emphasis in original), as
10 if it weren't apparent that it wants to do so in order to engage in forum shopping.[8]

11     **F.**    **<u>Factor 6 – Defendant Cannot Rely on Excusable Neglect</u>**

12     Defendant rehashes its arguments that its default was due to "excusable
13 neglect" because of alleged agreed-upon extensions and ongoing settlement
14 discussions, and that its deadline to respond "was indefinitely continued. . . ."
15 *Opposition*, p. 8. Veracity has previously noted, however, that as a matter of law,
16 neither ongoing settlement discussions, *Hawaii Carpenters' Trust Funds v. Stone*,
17 794 F.2d 508, 512 (9th Cir. 1986), nor extensions without the Court's approval,
18 *Sonoma*, 703 F.2d at 431, constitute excusable neglect. Defendant's own citation
19 gives the example of when "a party simply may choose to flout a deadline" as an
20 illustration of what cannot possibly be considered excusable neglect. *Pioneer Inv.*
21 *Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 387-8 (1993). It is
22 placed at one extreme of the spectrum "of possible explanations for a party's
23 failure to comply with a . . . filing deadline." *Id.* at 387. Defendant provided its
24 own evidence that it simply chose "to flout [the] deadline" when Veracity stopped
25 agreeing to further extensions over a year ago. *Opposition*, Ex. B.  Defendant's

26

---

27 [8] See Supp. Decl. Eastman submitted herewith.  Defendant has a history of ligation on the '701
28 Patent (See Exhibit 1), and has demonstrated its gamesmanship through forum selection in the Eastern District of Texas (See Exhibit 2).

1  own Exhibits to its Opposition show repeated occasions in which it was aware of
2  the deadline to respond, and chose instead to seek extensions from Veracity. *Id.*,
3  Ex. B.  Defendant even acknowledged that extensions required Court approval.[9]
4  When Veracity ceased to consent to continued informal extension agreements
5  shortly thereafter[10], Defendant simply thumbed its nose at the rules, and
6  conveniently acted as if its deadline were "indefinitely continued." *Id.*, p. 8.
7  Defendant knew it had to act, and chose not to; it cannot now claim "excusable
8  neglect."
9  　　Defendant's claim that "Plaintiff never indicated that it was pursuing its
10 claims" is silly at best. Veracity steadfastly denied infringement from the outset of
11 this dispute, refused every single "licensing" offer made by Defendants, filed a
12 complaint for non-infringement and invalidity, and personally served Defendant.
13 A served complaint is well understood to be an indication that claims are being
14 pursued.  Defendant has not presented any evidence whatsoever that Veracity
15 would dismiss its lawsuit.  It is inconceivable that Defendant's counsel was
16 unaware that a response must be filed to a complaint; such neglect is not
17 "excusable" by any means.
18 　　This factor therefore also favors Veracity.
19 　　**G.     Factor 7 – Defendant Can't Abolish Rule 55**
20 　　Defendant clings to the policy favoring decisions on their merits, and
21 repeats its use of *Wiltec* that was decided under Rule 37. *Opposition*, p. 9.   Yet,
22 even *Wiltec* supports dismissing counterclaims as a sanction.  However, Rule
23 55(b) still exists, as much as Defendant would like it to have disappeared in "[t]he
24 modernization of the Federal Rules," *Opposition*, p. 9, and in light of Defendant's
25

---

26  [9] See Dkt. No. 18-2, Exhibit B, page 5, August 3, 2017 email:  "… also appreciated your
27  willingness to reach out to the clerk to see if there is a way to press pause on the case during the interim…"
28  [10] See Dkt. No. 18-2, Exhibit B, page 3, September 5, 2017 email:  "I believe our answer is due today."

behavior in the present case, the seventh *Eitel* factor is balanced by the other strong policy that "[t]he guiding mandate of the Federal Rules is that 'They shall be construed to secure the just, speedy, and inexpensive determination of every action.'" *Orange Theatre*, 130 F.2d at 187.

### III. CONCLUSION

Defendant first contacted Plaintiff years ago, threatened infringement, and doggedly pursued a "license fee" consistent with the behavior of Non Practicing Entities. From the outset of this issue, Veracity has denied infringement, refused license, and sought assistance from this Court. Defendants were well aware of the need to appear, failed to do so, and now claims "excusable neglect" and begs forgiveness for a deliberate litigation strategy that failed. Rule 55 exists for specifically this circumstance where a Defendant thumbs its nose at the rules and this court.

Plaintiff Veracity Wireless, Inc. respectfully requests that the Court specifically find that Defendant's conduct was far more egregious than excusable neglect, and in fact rose to willful disregard for the Rules of Civil Procedure and this court, grant Veracity's Motion for Default Judgment, and enter default judgment for Veracity.

Respectfully submitted,

Dated: September 27, 2018

Eastman & McCartney LLP

By: ___/s/  Gary L. Eastman
      Gary L. Eastman, Esq.
      Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I, the undersigned certify and declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is 401 West A Street, Suite 1785, San Diego, California, 92101, which is located in the county where the service described below took place.

On September 27, 2018, at my place of business in San Diego, California, I served a copy of the following document:

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR ENTRY OF DEFAULT JUDGMENT**

The undersigned hereby certifies that he caused a copy of the foregoing documents to be filed with the clerk of the U.S. District Court, Southern District of California, using the CM/ECF filing system, and a copy will be electronically mailed to the following recipients via ECF electronic service:

John Mertens, Esq.
Pia Anderson Moss Hoyt
136 East South Temple, 19th Floor
Salt Lake City, Utah 84111

Attorneys for Defendant Virtual Fleet Management, LLC

I certify and declare under penalty of perjury under the laws of the United States of American and the State of California that the foregoing is true and correct.

Executed on September 27, 2018, in San Diego, California.

By: /s/ Gary Eastman
Gary Eastman

Certificate of Service                                                                17-CV-00295-JLS-BLM

1